# Highland Avenue & Belt Railroad Co. v. Walters.

*Action for Damages by Administrator of Person Killed.*

1. *Contributory negligence; continuing in service after discovery of defect or danger.*—In an action for damages against the employer, on account of personal injuries received by plaintiff (or his intestate) while in the performance of the duties of his employment (Code, § 2590), the defense of contributory negligence is available, as in an action at common law; and that defense is established by proof that the employee, having discovered the defect or obstruction which caused the injury, failed to give notice of it, and yet continued in the service; but, if he gave reasonable notice on discovering it, his further continuance in the service would not amount to contributory negligence, unless the peril thereby became so imminent and impending that a man of reasonable prudence would not have continued in the service.

[Highland Avenue & Belt Railroad Co. v. Walters,]

2. *Same; care exacted of employee.*—The employee is required to use ordinary care and prudence to avoid injury, and when there are two ways of discharging his duties, he must select that which is safer, or less dangerous; but he is not required to leave the post of duty assigned by his employer, unless his continuance at that place would, under the principle above stated, amount to contributory negligence.

3. *Same; danger caused by or with consent of employee.*—If the employee himself created the defect or obstruction which afterwards caused his injuries, or consented to its erection by another person, he can not hold the employer liable; the maxim applying, *Volenti non fit injuria.*

4. *Matters judicially known.*—The courts take judicial notice of matters of common knowledge and general notoriety, and such matters are not for the determination of the jury; but, while judicial notice may be taken of the proper place of the engineer and fireman on a moving train of cars, it is not matter of common knowledge and general notoriety that "the foot-board in front of a shifting engine is the post of duty of the yard-master and conductor."

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. DAVID D. SMITH, as special judge.

This action was brought by Mrs. Jennie C. Walters, as administratrix of the estate of her deceased husband, Edward F. Walters, to recover damages for the injuries which caused his death while in the defendant's service; and was commenced on the 3d March, 1888. The plaintiff's intestate was killed on the 11th November, 1887, while in the defendant's employment as "yard-master and conductor," being thrown from the foot-board on which he was standing in front of the engine, and drawn under the wheels of the engine as he attempted to save himself; and the plaintiff's evidence showed that the accident was caused by a pile of coal, which was standing too near the railroad track, and obstructed the passage of the engine; but the defendant introduced evidence tending to show that the engine did not strike the pile of coal, and that Walters might have been killed as he jumped from the foot-board, on approaching a switch at that point. The coal belonged to J. O. Peebles, who had a brick-yard at the switch; and he testified, on the part of the defense, that it was deposited there, as an accommodation to him, by permission of said Walters. R. H. Fowler, a witness for the plaintiff, was in the defendant's employment as a switchman, or brakeman, and was standing on the foot-board, to the right of Walters, at the time of the accident; and he testified, as a witness for the plaintiff, that he had himself notified the defendant's superintendent, and had heard the deceased notify him, before the accident happened, that the pile of coal was dangerous, and ought to be removed.

The opinion states the material averments of the complaint.

Issue was joined on the pleas of not guilty and contributory negligence; and the plaintiff had a judgment on verdict for $2,000. The defendant excepted to a part of the general charge of the court, which is set out in the opinion, and also to the following charges, which were given at the instance of the plaintiff: (1.) "In determining whether plaintiff's intestate was at his post of duty while standing on the foot-board, the jury can consider what is common knowledge, if there is any common knowledge on this subject." (2.) "In determining whether the foot-board in front of the switch-engine was made for plaintiff's intestate to ride on while in the performance of his duties, the jury can consider what is common knowledge on that subject." (3.) "If the jury believe from the evidence that the coal pile was an obstruction to the track, but not of such a threatening or dangerous character, as to reasonably impress plaintiff's intestate with certain and inevitable injury to him; then they are authorized to consider this, in connection with all the other evidence in the case, in determining whether he was guilty of contributory negligence."

The defendant requested the following charges in writing, and duly excepted to their refusal:

(1.) "Even if the post of duty of plaintiff's intestate was on the foot-board, yet plaintiff's evidence shows that plaintiff's intestate knew that the coal pile was in dangerous proximity to the foot-board in passing, and was dangerous; and if with this knowledge, and with the convenient means of avoiding it by getting on the bumper, plaintiff's intestate disregarded the danger, and continued to remain on the foot-board, and from a collision of the foot-board and the pile of coal plaintiff's intestate was injured; then, by remaining on the foot-board with this knowledge, plaintiff's intestate was guilty of contributory negligence, and plaintiff can not recover."

(2.) "Even if the foot-board of the locomotive was put there for the purpose of being stood upon, or ridden upon, by the employés, plaintiff's evidence, which is undisputed, shows that plaintiff's intestate knew that the coal was piled alongside the track, and said pile was liable or likely to produce injury to a person standing or riding on the foot-board; and if plaintiff's intestate, with this knowledge, continued to stand there, then plaintiff's intestate would be held to have assumed all the risks and dangers incident to his position on the foot-board arising from the coal pile; and if the injury was caused by a collision of the foot-board with the coal pile, then plaintiff can not recover."

(3.) "If the jury believe from the evidence that by taking

his position on the foot-board in front of the engine, Edward F. Walters was killed, when, if he had taken his seat in the cab of the locomotive, or on the tender, or on the flat car drawn by the engine, or on the bumper, said Walters would not have been killed; then the verdict of the jury must be for the defendant."

(4.) "The court charges the jury that [if] the evidence shows that Edward F. Walters was in charge or command of the train by which he was killed, and could have taken a position of safety on the train, as in the engine, cab, or on the tender or flat car, and said Walters voluntarily assumed a position on the foot-board in front of the engine, and that said Walters was under no command or necessity to stand on the foot-board while the train was in motion; then said Walters was guilty of contributory negligence, and the jury must find a verdict for the defendant."

(5.) "Although the jury may believe from the evidence that the foot-board was made for the employés to stand on, yet, if the jury believe that standing on the foot-board was more dangerous than a seat on the bumper, or in the cab, or on the tender, and that decedent (Walters) knew the pile of coal lay in dangerous proximity to the railroad track as to those standing or riding on the foot-board; then said Walters, by standing on the foot-board, with such knowledge, as the engine passed the coal pile, was guilty of contributory negligence, and the jury must find for the defendant."

(6.) "If the jury believe from the evidence that the coal was piled alongside the railroad track in the manner testified, and the coal, as piled, was liable to strike the foot-board of the locomotive, and produce injury to a person standing on the foot-board; and if plaintiff's intestate knew these facts, and if with such knowledge, and the opportunity of seeing the coal pile before reaching it in time to avoid the danger by getting on the head-block, or bumper, or in the cab of the locomotive; then the failure of the intestate to observe the pile, and to avoid the danger, would be contributory negligence on the part of the plaintiff's intestate, which would prevent a recovery by plaintiff."

(7.) "The undisputed evidence of the witness Peebles shows that the plaintiff's intestate directed or permitted said Peebles to put the coal at the place, in the manner, and along the track where it was, and plaintiff's intestate passed that pile of coal on the locomotive before the time of the accident, on the day it occurred. If the jury believe the evidence, then the plaintiff can not recover for any injury occasioned by the existence

[Highland Avenue & Belt Railroad Co. v. Walters.]

of the pile of coal at the place where her intestate permitted or directed it to be placed."

(8.) "If the jury believe the evidence in the case, they must find a verdict for the defendant."

(9.) "The jury can not infer from the fact that there is a foot-board in front of the engine for men to get on, or that the witness Fowler swore that he and Walters were on the foot-board where they ought to be, if he so testified, when Walters knew the coal pile lay in dangerous proximity to the track, that said Walters, in standing on the foot-board while the engine was in motion, was not guilty of contributory negligence."

(10.) "If the killing of Edward F. Walters was caused by the pile of coal lying along the side of the railroad track, negligently put there by one Peebles in the prosecution of his business of making brick; then the death of said Walters was not caused by reason of any defect in the condition of the ways, works, machinery or plant connected with or used in the business of the defendant, and the plaintiff can not recover in this action."

(11.) "If the jury believe the evidence of the plaintiff's witness Fowler, then the intestate of plaintiff was guilty of contributory negligence, and plaintiff can not recover."

(12.) "If the jury believe from the evidence that Fowler notified Levis, the superintendent, on the morning that Walters was killed, that there was danger of some one of the employés getting hurt by reason of the coal pile lying along the railroad track, and that said Walters was killed by reason of said coal pile; then the defendant was entitled to a reasonable time after such notice to remove the pile of coal, and if there was not sufficient time under the facts proven, after the notice, and before the killing, to remove the coal, then the plaintiff can not recover in this action."

The charges given, and the refusal of the charges asked, are assigned as error.

A. T. LONDON, for appellant.—(1.) There was no evidence showing that it was the duty of deceased to stand on the foot-board of the engine, and in going there he voluntarily exposed himself to the risks incident to that position. The danger was known to him, and perfectly obvious, if he had only looked before him.—*Phil. R. R. Co. v. Shultz,* 2 Amer. & E. R. R. Cases, 158; *Sears v. Central R. R. Co.,* 53 Geo. 630; *Railroad Co. v. Jones,* 95 U. S. 439; 4 Amer. & Eng. Encyc. Law, 422; Deering on Negligence, §§ 210–12; *Wilson v. L. & N. Railroad Co.,* 85 Ala. 269; *L. & N. Railroad Co. v. Hall,* 87 Ala. 708. (2.) When a party goes into a dangerous

[Highland Avenue & Belt Railroad Co. v. Walters.]

place, with knowledge of the danger, he voluntarily assumes the risk, and can not recover.—Shear. & Redf. Negligence, §§ 99–92; Beach on Contrib. Negligence, 38–9. This rule has been applied to a conductor going on top of the train, and an employè riding on top of a car.—*Gibson v. Erie Railroad*, 20 Amer. Rep. 552; *Railroad Co. v. Sentmyer*, 37 Amer. Rep. 684. (3.) The action is under the statute (Code, § 2590), and the burden was on the plaintiff to establish negligence. *Railroad Co. v. Holborn*, 84 Ala. 133. (4.) The injury must be received in the course of the particular employment, and a self-assumed risk will defeat a recovery.—*Geo. Pac. Railway v. Propst*, 85 Ala. 203. (5.) While continuance in a dangerous service will not constitute contributory negligence, if an employè selects a dangerous or negligent way to perform a dangerous service, this would make him guilty of contributory negligence.—*Campbell v. Lunsford*, 83 Ala. 516; *Railroad Co. v. Holborn*, 84 Ala. 133. (6.) The deceased was guilty of. contributory negligence, because he knew of the danger, and without compulsion or necessity stood in the only place where he could be injured.—*C. & W. Railroad Co. v. Bridges*, 86 Ala. 454; *Railroad Co. v. Bradford*, 86 Ala. 574. (7.) The case of *L. & N. Railroad Co. v Hall*, 87 Ala. 708, is conclusive of this case.

HEWITT, WALKER & PORTER, *contra*, arguing each of the assignments of error, cited the following cases: *Lanfear v. Mestier*, 89 Amer. Dec. 658, notes; *Brumagin v. Bradshaw*, 39 Cal. 40; *Wesson v. Nat. Bank*, 8 N. E. Rep. 97; *Railroad Co. v. McDonald*, 21 Mich. 194; *Wiggins v. Railroad Co.*, 5 Mo. 348; *Railroad Co. v. Shannon*, 5 Pac. Rep. 564; *Railroad Co. v. Holborn*, 84 Ala. 133; *Railroad Co. v. Bayliss*, 74 Ala. 150; 17 Q. B. Div. 122; *Wilson v. Railroad Co.*, 15 Amer. & Eng. R. R. Cases, 192.

CLOPTON, J.—Plaintiff's intestate was, at the time of the injury, in the employment of the defendant in the capacity of yard-master and conductor. His duties were, to see all the cars that were loaded, and place them at points as directed, take all empty cars, and deliver to the roads to which they belonged, see the numbers of all cars, and return them to the superintendent every morning. While standing on a foot-board, in front of the engine, and which was fastened to the bumper by iron rods, and while the train of which he was conductor was passing a pile of coal placed close to the track, he was thrown from the foot-board, under the engine, and killed.

The third and fourth counts of the complaint, which aver

that the injury was caused by a defect in the condition of the ways, are framed under subdivision one, and the first and second counts, which aver that it was caused by the negligence of a person in the employment of defendant, to whom the superintendence of the road was intrusted, while in the exercise of such superintendence, are framed under subdivision two, of section 2590 of the Code. Contributory negligence is the main defense. All the assignments of error go to the giving and refusal to give charges.

The court, in the general charge, instructed the jury: "Although a servant may continue in the business of the master, and continue to discharge his duties, after he has knowledge that the discharge of the duties will be dangerous to himself by reason of the negligence of the defendant; yet, if that danger is so apparent to him that he ought to know that injury to himself would be unavoidable from the continuance of the discharge of that duty, he would be guilty of contributory negligence in continuing to discharge that duty; but, if the danger is not so apparent that the injury appeared to be inevitable from a discharge of the duty, he would be justified in continuing in the service of the company, and continuing to discharge the duty assigned to him, notwithstanding he might know that it was simply dangerous to continue in the discharge of that duty." The proposition of the charge is, that an employé's continuance in a service known to be dangerous, discharging the duties growing out of his employment, does not constitute contributory negligence, unless injury appeared to be unavoidable.

In *M. & B. Railway Co. v. Holborn*, 84 Ala. 133, we construed the employer's liability act, which, with some verbal alterations, comprises sections 2590–93 of the Code. In railroading there are known perils incident to the service, no matter how well constructed the plant, works and machinery may be, or how watchful and diligent the control and management of the trains. To these the statute has no application, and of these the employé takes the risk. When, however, an employé sustains injury in the cases and under the conditions specified in the statute, it operates to take from the employer the defense, that the employé impliedly contracts to assume the known and ordinary risks incident to his employment. To this extent, and to this extent only, is the common-law rule abrogated. By the provisions of the statute, the employer is answerable in damages, when the defect in the condition of the ways, works, machinery or plant arose from, or had not been discovered or remedied owing to the negligence of the employer, or person to whom is intrusted the

duty of seeing that they are in proper condition; and is exempted from liability, when, not being aware of the defect or negligence, the employè has failed to give information thereof within a reasonable time after discovering it. Under this construction, contributory negligence can not be imputed to an employè from continuance in the service after merely discovering a defect or negligence, though it may increase the risk of injury. Something more is requisite—concurring failure to give information thereof, within a reasonable time after knowledge of the defect or negligence, unless the employè knows that the employer or superior is already aware of it. This is as far as we have gone in that direction.

The rule is necessarily qualified by the nature of the right of action given to the employè—"*as if he were a stranger*"— and by the reservation to the employer of the defense of *contributory negligence.* An employè is bound to use ordinary care for his own protection, and, except as otherwise provided by the statute, can not recover when one of the public, rightfully on the track, could not recover under like circumstances. While mere knowledge of a defect and its danger is not, of itself, contributory negligence, the fact, and the use made of that knowledge, are circumstances to be considered on the question of negligence.— *Wilson v. S. & N. R. R. Co.,* 85 Ala. 269; *L. & N. R. R. Co. v. Hall,* 87 Ala. 708. Whether continuing in the service after discovering the defect constitutes contributory negligence, depends in a great measure upon its nature and extent. Unquestionably, when the danger is so apparent that injury appears to be inevitable, the employè is not justified in continuing in the service. No man is bound to subject himself to certain and inevitable injury, endangering life, in rendering service to another. Continuance in service under such circumstances would be reckless, and, if death ensued, suicidal. But that the injury should appear to be unavoidable, is not requisite. When injury is imminent—when the appearance of injury is of a degree greater than that which produces the impression that injury may result; when it leaves no room for reasonable doubt—continuing in the service after knowledge of the defect causing the injury, and its nature and extent, must be regarded as contributory negligence.— *Co. & West. Railway Co. v. Bridges,* 86 Ala. 448. The general rule applicable in analogous cases is as definite as any we can lay down, consistent with the nature of the right of action of the employè, and the defense allowed to the employer. By this rule, an employè does not exercise ordinary care in not quitting the service when injury is so imminent and impending

[Highland Avenue & Belt Railroad Co. v. Walters.]

that a prudent man would not continue therein under like circumstances.

A corrollary from the rule that an employè is bound to use ordinary care to avoid injury is, that when there are two ways of discharging the duties incident to his employment apparent to the emyloyè—one dangerous and the other safe, or less dangerous—he must select the safe, or less dangerous way. *M. & B. Railway Co. v. Holborn, supra.* But this rule rests on the hypothesis, that he can perform his duties as well and efficiently in one way as the other. Neither is he required to leave the post of duty assigned by his employer, if by remaining at such place he would not be guilty of contributory negligence under the rules stated above. It may be conceded, that the burden is on the plaintiff to prove that the foot-board was intended for the yard-master and conductor of the train to stand on, or that he could not perform his duties with efficiency and promptness if occupying any other place. The evidence on these questions may be scant and slight, but it was admitted without objection, and proper to be considered by the jury, to whom the inquiries were properly submitted. There was also evidence that the train had passed with safety the same place twice before on the morning of the day of the accident, and many times on previous days. Such being the state of the evidence, a charge may be refused, which withdraws from the consideration of the jury, whether the performance of the duties devolved on plaintiff's intestate as yard-master and conductor, required him to stand on the foot-board, or that it was put there for that purpose, and the imminency of the peril. Unless the appearance was such that a prudent man would not have stood on the foot-board, decedent was not required to leave his post of duty and seek a place of safety, merely because he knew that the obstruction was dangerous.

The foregoing observations are based upon the hypothesis, which there is evidence tending to show, that plaintiff's intestate notified the superintendent, some two weeks previously, of the existence of the obstruction, and he failed to remove it. If, however, Peebles, to whom the coal was consigned, in unloading the cars threw it out at that place with the permission of decedent, he has no cause of complaint. An employè can not create, or consent to the creation of a defect, and hold the company answerable in damages for any injury caused thereby. In such case, he voluntarily assumes the risk of the peril—*volenti non fit injuria.* The evidence as to the length of time the coal had been there was variant. In such case, it is not proper to state in a charge the testimony of Peebles *eo nomine*, and also that it is undisputed, and predicate thereon the propo-

[Holland v. Tenn. Coal, Iron & Railroad Co.]

sition, that if the jury believe his evidence the plaintiff can not recover. Such a charge singles out the testimony of one witness, and gives it undue prominence, and is argumentative in its nature. On the other hand, though the coal may have been put there by Peebles in the prosecution of his business of brick-making, it constituted a defect in the condition of the ways in the meaning of the statute; and if put there without the permission of decedent, and the defect was not remedied within a reasonable time after notice, and there was no contributory negligence under the rules we have laid down, plaintiff is entitled to recover.

The general rule is, that courts will take judicial notice of matters of common knowledge and general notoriety. There are some matters connected with the running and operation of trains of which courts will take judicial notice, such as the place of the engineer and fireman; but we are not aware that the foot-board in front of a shifting engine is the post of duty of the yard-master and conductor, is a matter of common knowledge and general notoriety, though it may be known to railroad officers and employès, and persons who frequent stations where such engines are employed. Courts will not take judicial notice of the rules and regulations of a railroad company. Also, if the matter is of such character that it is judicially known to the court, the fact is not a question for the jury.—89 Amer. Dec. 696.

It follows from the foregoing, that the court erred in giving the general charge, and each of the three charges requested by plaintiff. We discover no error in refusing the charges requested by defendant.

Reversed and remanded.

91 444
93 51

91 444
96 632
97 145
97 152
97 251

91 444
101 570

91 444
104 516
105 376

91 444
110 178

91 444
121 61

91 444
124 400
124 661

91 444
128 381

91 444
132 466
132 467

91 444
136 493

91 444
138 560
138 562

91 444
139 398