# Richmond & Danville Railroad Co. *v.* Jones.

*Action by Switchman against Railroad Company, for Damages on account of Personal Injuries.*

1. *Railroad rules limiting liability for injuries to employes.*—Railroad companies have the right to adopt reasonable rules and regulations for the government of their employés and for their own protection, but can not stipulate for immunity from liability for their own wrongful negligence; and a stipulation in a contract of employment, which the employé is required to sign on entering the service, that the regular compensation paid him "shall cover all risks incurred and liability to accident from any cause whatever while in the service of said company," contravenes the law itself, and is void.

2. *Duty of railroads in matter of machinery and appliances used.*—A railroad company, while not required to adopt every new invention or appliance useful in its business, though attended by less danger to life or limb, is required to keep reasonably abreast with improved methods and machinery which lessen the dangers incident to its service; but this duty is performed when it employs the improvements and appliances which are in ordinary use by railroads prudently conducted, engaged in like business, and surrounded by like circumstances.

3. *Testimony of experts as to railroad appliances.*—Witnesses who are shown to have sufficient knowledge on the subject, may testify, as experts, as to whether the drawheads used on the defendant's cars, at the time of the injury received by plaintiff, were such as were generally used on well regulated railroads.

4. *General objections to evidence.*—A general objection to evidence, not specifying any particular ground of objection, may be overruled, since the court is not required "to cast about for the grounds on which, in the mind of counsel, it is rested;" and a general objection to evidence, a part of which is legal, may be overruled entirely,

[Richmond & Danville Railroad Co. v. Jones.]

since the court is not required to separate the legal from the illegal portion.

5. *Proof of writing, signed by party.*—When a party has possession of a writing which purports to have been signed by his adversary, and proposes to offer it in evidence on the trial, he can not ask the latter, on cross-examination as a witness, if he did not sign the writing, without submitting it to the examination of counsel on demand; and having refused the demand, he can not complain that the court afterwards excluded the writing, on another ground, when offered as evidence.

6. *Same.*—When there is an attesting witness to a written document, he must be called to prove its execution, before other evidence can be received; and the admission of the signer, on cross-examination as a witness in his own case, that his signature is genuine, does not render the document admissible as evidence against his objection.

7. *Admissibility of writing as proving notice of fact recited.*—A writing to which a party's name is signed, but the execution of which has not been properly proved, is not admissible as evidence to prove notice to him of a fact therein recited.

8. *Contributory negligence; standing on foot-board.*—Although a rule of the railroad company forbade switchmen to go between cars for the purpose of coupling or uncoupling them, plaintiff can not be charged with contributory negligence because, when injured, he was standing on the foot-board of the tender, "which was put there for switchmen to ride on."

9. *Negligence of fellow-servant.*—If the plaintiff, a switchman, gave proper signals to the fireman, whose duty it was to receive them and transmit them to the engineer, but who failed to transmit them properly, and injury resulted to plaintiff, the railroad company is, under statutory provisions (Code, § 2590), liable for such negligence.

APPEAL from Circuit Court of Jefferson.

Tried before the Hon. JAS. B. HEAD.

This action was brought by D. W. Jones, against the appellant corporation, to recover damages for personal injuries alleged to have been inflicted by reason of the negligence of the defendant. There were three counts in the complaint. The first count sought to recover on the ground that the injuries were caused by reason of defects in the condition of the ways, works, machinery or plant connected with or used in the employ of defendant. In the second count of the complaint, the plaintiff based his right of recovery on the alleged negligence of the employès of the defendant who had charge and control of the train by which plaintiff was injured, and at the time of the accident. The third count is in the following language : "Plaintiff claims of defendant the further sum of ten thousand dollars as damages, for that, heretofore, to-wit, on the 9th day of April, 1890, defendant was running, operating and controlling, by and through its servants and agents, and among many others a certain engineer and a certain fireman, a railway known as the Georgia Pacific Railway, including the tracks, yards, cars and engines thereof, in and near the city of

[Richmond & Danville Railroad Co. v. Jones.]

Birmingham, Alabama. That on said day plaintiff was in the service of defendant in the capacity of switchman, and it became necessary for plaintiff in his said employment to be between an engine and a car while the same were moving then and there on said track in said yard, which said engine was then and there manned by said engineer and fireman; that it was a part of said fireman's duty to watch for and receive signals given by plaintiff, and to inform the engineer thereof. Plaintiff was then and there between said engine and car or cars in the discharge of his said duty, and then and there gave a signal for said engine to stop, and it then and there became said fireman's duty to inform said engineer thereof, but said fireman negligently failed to so inform said engineer, or negligently informed him that another and different signal from the signal to stop had been given, by reason of which negligence the plaintiff was caught between said engine and car and received the injuries and damage set out in the first count of this complaint to which reference is hereby made. And plaintiff alleges that said fireman was an incompetent and unfit person to watch for and receive said signals and to inform the engineer thereof, and that defendant negligently caused said unfit person to be said fireman, and defendant negligently permitted said unfit person to remain as said fireman; and plaintiff's injuries were caused by said negligence, all to his damage ten thousand dollars, wherefore he sues."

The circumstances of the accident are substantially as follows: The plaintiff was in the employ of defendant as switchman, and went between the cars while in motion for the purpose of uncoupling them, and while between the cars he gave a signal, by means of his lantern, for the engine to go ahead, and at that time the cars which had been uncoupled rolled off from the engine a distance of four or five feet, and the engine instead of going ahead backed and struck the uncoupled cars, by means of which collision the plaintiff, who was still standing on the foot-board of the tender of the engine, was mashed, mangled and bruised, for which injury he brings this action.

The defendant pleaded the general issue, and, by special plea, pleaded a written contract of employment entered into between the plaintiff and the defendant on February 17th, 1890, not quite two months before the accident. One of the terms of this contract was in words as follows: "(Rule 23.) The conditions of employment by the company are that the regular compensation paid for the services of employès shall cover all risks incurred, and liability to accident from any cause whatever, while in the service of this company. If an employè is disabled by accident or other cause, the right to

claim compensation for injuries will not be recognized. Allowances when made in such cases, will be as a gratuity, justified by the circumstances of the case, and previous good conduct of the party. The fact of remaining in the service of the company will be considered acceptance of these conditions. All officers employing men to work for this company will have these conditions distinctly understood and agreed to by each employé, before he enters the service of the company." And defendant averred in said special plea, that the plaintiff did distinctly understand and agree to said provision in said contract of employment before and at the time he entered the service of the defendant, and that he accepted said employment under said written contract of employment, and was employed by the defendant under said contract at the time of his alleged injuries.

The plaintiff demurred to the defendant's special plea on the grounds, that said plea fails to deny that plaintiff's injuries were caused by defendant's negligence; that the plea seeks to exempt defendant from liability for the consequences of its own negligence; that the contract of employment set out in said plea does not extend to and cover the injuries sued for in this cause; that said contract of employment seeks to make the regular compensation paid for the services of employés cover all risks incurred and liability to accident from any cause whatever, including defendant's negligence, and the same is to that extent unreasonable and invalid. The court sustained this demurrer.

The evidence is conflicting in many particulars. The testimony of the plaintiff tends to show that the draw-head of the tender of the engine was defective, and that in the discharge of the duties encumbent upon him as employé of the defendant, it was necessary that he should go between the moving cars; that while there, and after he had uncoupled the cars, he gave a signal to the engineer, through the fireman, to go ahead; and that this signal was not obeyed. The testimony of the defendant contradicts all of these facts. The facts and circumstances attending the offer of the defendant to introduce in evidence the written contract of employment between the plaintiff and the defendant, to which plaintift objected, are sufficiently set out in the opinion. There were many objections on the part of the defendant to evidence, introduced by the plaintiff, going to show that the draw-head used on the engine in question was defective. On the examination of one of the witnesses for the plaintiff he was asked by the plaintiff, if the draw-head on the engine upon which plaintiff was riding was such as were ordinarily used on well regulated rail-

[Richmond & Danville Railroad Co. v. Jones.]

roads. Upon objection by the defendant to this question, the court asked the witness the following question: " Do you know how draw-heads used on well regulated roads compare with the said draw-head in question, used in the defendant's yards?" to which the witness answered that he did. The court then asked: "How do said draw-heads compare with those used by well regulated and well conducted railroads?" Witness answered that he "did not think they compared very favorably." To each of these questions by the court and to the answers thereto the defendant separately and severally objected and reserved an exception to the court's overruling its said objections. There were similar objections made by the defendant to several such questions propounded to different witnesses. The engineer, who was in charge of the defendant's engine at the time of the accident, testified that the engine was in good repair at that time; that signals were given to him by the fireman; that the fireman, in response to signals by the plaintiff, first told him to move back and then stop; that in response to these directions he moved the engine and stopped it; that as soon as the engine had stopped, the fireman remarked "look there," whereupon he saw the plaintiff lying on the ground injured. The fireman testified that he received the signals to move the train from the plaintiff, and correctly communicated them to the engineer, and these signals were as testified to by the engineer. Several witnesses in behalf of the defendant testified that the draw-head in use on the said engine, was such as was in use by well regulated and well conducted railroads; and that it was obtained for the purpose for which it was used.

Upon the evidence as adduced, the court, in its charge to the jury, among other things, charged the jury as follows: "There is no evidence to support the allegations of the third count of the complaint, and that if they [the jury] believed the evidence, they must find for the defendant on the third count;" and also that there was "no evidence in the case that the engineer had been guilty of any neglect." The court also charged the jury as follows: "I charge you gentlemen of the jury, as a matter of law, that if the fireman was placed there to receive signals from the switchman, and to communicate them to the engineer; that then the neglect on the part of the fireman, in respect to receiving and transmitting the signals, causing injury to employè, would come under the Employers Liability Act;" and "if you find that the plaintiff in the case gave him (the fireman) the signal to go ahead, and the fireman, instead of communicating that signal communicated the reverse, a back-up signal, and that thereby the plaintiff was injured, that would be an act of neg-

ligence on the part of the fireman which would entitle the plaintiff to recover, provided he was not himself in fault, con-contributing proximately to his injury." To all of these portions of the charge given by the court in its general charge to the jury the defendant duly excepted. The defendant requested the court to give the following written charges, and, upon the court's refusing to give each of said charged, the defendant separately and severally excepted to each refusal. (1) "If the jury believe the evidence they must find for the defendant." (2) "If the jury believe from the evidence that the plaintiff had charge or control of the signals by which the motions of the engine were regulated, and that the fireman's duty with respect to giving such signals was merely to transmit to the engineer the signals given him by the plaintiff, and that the fireman failed to properly transmit to the engineer a signal of the plaintiff for the engine to go forward, whereby the plaintiff's injury was proximately caused, then the jury must find for the defendant." (7) "If the jury believe from the evidence that the plaintiff's injury did not occur substantially in the manner testified to by him, your verdict should be for the defendant." (9) "If you believe from the evidence that the plaintiff was injured by reason of his uncoupling the engine and car with his hand without using a stick for that purpose, or that the position he occupied on the engine when injured contributed proximately to his injury, and was in violation of the rule of the company, which required him to use a stick in uncoupling cars, then you must find for the defendant." (13) "If you believe from the evidence that the plaintiff's injury was caused solely by the alleged negligence of the fireman, in failing to give a proper signal to the engineer, your verdict must be for the defendant." (14) "The jury can look to the fact, if it be a fact shown by the evidence, in connection with the other evidence in this case, that the engine testified about in this case had been in active use as a switch engine, to which cars were coupled, and from which they were uncoupled, and had been in use on defendant's road with reasonable safety to employés, for some time prior to the accident, as going to show whether or not it was reasonable and ordinary care for the defendant to use the engine." "(15) "The jury can also look to the fact, if it be a fact, in connection with other evidence in this case, that the engine has been used in the same condition as it was at the time of the accident, with reasonable safety to employés, in determining whether or not the defendant exercised ordinary care in the selection and use of said engine."

There was judgment for the plaintiff; and defendant prosecutes this appeal, and assigns the various rulings of the court as error.

JAMES WEATHERLY, for appellant.—The questions asked, and the evidence adduced thereby, in reference to draw-heads used by defendant and by other roads were improper and illegal. *L. & N. R. R. Co. v. Hall*, 87 Ala. 708 ; *Ga. Pac. Rwy. Co. v. Propst*, 83 Ala. 518. The paper offered in evidence by the defendant, signed by plaintiff, to show the existence of rule No. 20, and plaintiff's notice of said rule, should have been admitted, (1) because plaintiff admitted he signed it; and (2) because it was not offered to prove the contract.—*Askew v. Steiner*, 76 Ala. 218; *Ellerson v. State*, 69 Ala. 1 ; *Rayburn v. Lumber Co.*, 57 Mich. 273 ; 1 Thompson on Trials, § 824. The refusal of defendant's counsel to allow plaintiff's counsel to inspect it, before it was formally offered in evidence, did not justify its exclusion as evidence.—*Styles v. Allen*, 5 Allen (Mass.) 320 ; *Howser v. State*, 93 Ind. 228 ; 1 Thompson on Trials, §§ 827–828.

BOWMAN & HARSH, *contra*.—The demurrer to defendant's special plea was properly sustained.—*L. & N. R. R. Co. v. Orr*, 91 Ala. 548 ; *R. R. Co. v. Peavy*, 44 Am. Rep. 630 ; *R. R. Co. v. Eubanks*, 31 Am. & Eng. R. R. Cases, 176 ; *R. R. Co. v. Spangler*, 28 *Id.* 319. Defendant's objections to the various questions in reference to the draw-head on the engine by which plaintiff was hurt were properly overruled.—*Propst v. Ga. Pac. Rwy. Co.*, 3 So. Rep. 764. No ground of objection to these questions was stated.—*R. R. v. Smith*, 91 Ala. 455; *Rwy. Co. v. Walker*, 3 Am. St. Rep. 638. There was no error in the court's ruling upon the written contract sought to be introduced in evidence.—*Coleman v. State*, 79 Ala. 49 ; *Askew v. Steiner*, 76 Ala. 221; *Russell v. Walker*, 73 Ala. 317 ; *Jenks v. Terrell*, 73 Ala. 243 ; *Patterson v. Kicher*, 72 Ala. 406 ; *Ellerson v. State*, 69 Ala. 1 ; *Brigham v. Palmer*, 3 Allen (Mass.) 451 ; *Barry v. Ryan*, 4 Gray 523 ; Wharton's Ev. (2nd ed.), §§ 723, 725.

COLEMAN, J.—The suit was brought by appellee to recover damages for personal injury. For defense to the action, by way of special plea, the defendant set up Rule No. 23, which will be found in the statement of the facts of the case. To this plea a demurrer was sustained. In the case of the *Louisville & Nashville R. R. v. Orr*, 91 Ala. 548; 8 So. Rep. 360, it is declared that "Railroads can not stipulate for immunity from liability for their own wrongful negligence. A rule which imposes upon an employé to look after and be responsible for his own safety contravenes the law itself, which fixes the

liability of railroads for negligence, causing injury or death to their employees." The demurrer was properly sustained.

It is the duty of railroads to keep themselves reasonably abreast with improved methods so as to lessen the danger attendant on the service, and while they are not required to adopt every new invention, it is their duty to adopt such as are in ordinary use by prudently conducted roads engaged in like business, and surrounded by like circumstances.—*Ga. Pac. Railway Co. v. Propst*, 83 Ala. 518. There have been such advancements in science, for the control of steam, and improvements in the machinery and appliances used by railroads, for the better security of life, limb and property, it would be inexcusable, to continue the use of old methods, machinery and appliances known to be attended with more or less danger, when the danger could be reasonably avoided by the adoption of the newer and which are in general used by well regulated railroads. Not that it is required of them to adopt every new invention useful in the business, although it may serve to lessen danger, but it is their duty to discontinue old methods which are insecure, and to adopt such improvements and advancements as are in ordinary use by prudently conducted roads engaged in like business and surrounded by like circumstances.—*L. & N. Railway Co. v. Allen*, 78 Ala. 494. Applying this principle in the case of the *Ga. Pac. Railway Co. v. Propst*, 83 Ala. 526, the court held that "if the drawheads and bumpers used by defendant were such as were employed by many well conducted roads, this would repel all imputation of negligence founded on their mere structure, although other roads, even a majority of them, adopted a different pattern." Witnesses who have sufficient knowledge of the subject may testify to the general rules of railroads on the subject. The same general principle is declared in the case of *L. & N. Railway Co. v. Hall*, 87 Ala. 708. Under these rules, we think it was proper to enquire, whether the drawhead used by defendant, when the injury occurred, was such as were usually used on well regulated railroads. The witnesses were shown to be experts, and were competent to give such testimony.

It may be laid down generally that objections to evidence, which do not particularize or define the grounds of objection, may be overruled. The court is not bound to cast about for the grounds upon which, in the mind of counsel, they are rested.—*Dryer v. Lewis*, 57 Ala. 551; *Steele v. Tutwiler*, *Ib.* 113; *Tuscaloosa Cotton Seed Co. v. Perry*, 85 Ala. 164. The rule is equally well established, that a general objection to evidence, a part of which is legal, may be overruled.—*Fon-*

*ville v. State*, 91 Ala. 39; *Giddens v. Bolling, infra; Warren v. Wagner*, 75 Ala. 188; *Chambers v. Ringstaff*, 69 Ala. 140. Most of the objections to the evidence come under one or the other of these principles, and there was no available error in overruling them.

Defendant's counsel, having the paper, Exhibit A, in his hands, handed it to plaintiff, while being interrogated on cross examination as a witness, and asked him if he signed it. Plaintiff's counsel requested to see the paper, which request defendant's counsel refused, saying he had not offered it in evidence. The court stated, that it should be shown to plaintiff's counsel when the paper was offered in evidence. Plaintiff then answered that it was his signature. The defendant afterwards offered the paper in evidence, to which the plaintiff objected on the ground, that there was an attesting witness, and the execution of the paper had not been properly proven. The court sustained the objection, and the defendant excepted.

Opposing council have the right to object to improper questions to witnesses, and the rules of practice require them to specify the grounds of objection. Any advantage taken, by which a party is deprived of the exercise of this right in the trial of a case without neglect or fault on his part, should not be used to his prejudice. If defendant did not purpose to introduce the paper in evidence, the question to the witness was improper. If it was the intention to offer it in evidence, then it should have been submitted to opposing counsel, so that if he wished to object, the objection could be made in proper form.

The ruling of the court, sustaining the objection to the introduction of the paper, is supported also on other principles. In the case of *Ellerson v. The State*, 69 Ala. 3, after stating the general rule, that the attesting witness should be called to prove the execution of an instrument, declares that the rule extends to every private writing, which the parties may have chosen to cause to be attested. The witness is considered as the person selected and referred to for the purpose of proving the fact of execution, and the facts and circumstances attending it. Citing Greenl. Ev., § 569.

So long as the evidence of the subscribing witness can be produced, it is the best, the primary and only evidence of execution. The admissions or declarations of the parties themselves to the instrument (not made in open court, or in writing, for the the purpose of a trial when they are the parties litigant) are not admissible for this purpose—*Russell v. Walker*, 73 Ala. 317.

It is contended that Exhibit A was not offered in evidence

as a contract binding upon plaintiff, but merely to establish the existence of Rule 20, and notice to plaintiff, and that for this purpose it was admissible. The proposition contended for necessarily must be, that the rule being incorporated in the contract as a part of it, its existence and materiality as evidence against the plaintiff may be established by offering in evidence the contract, without legal proof of its execution. The reasoning is not sound. To establish the existence of the rule, and notice thereof, the defendant was forced to rely upon an unproven contract. If the contract is excluded, because its execution is not proven, it can not be said that admissions which alone appear in the contract have been proven. The admission having been improperly obtained, and the execution of the paper not proven, it was not admissible for any purpose.

There is evidence that the running board upon which the evidence tends to show the plaintiff was standing when injured, "was put there for the switchman to ride on." If this evidence be true, and it was placed there to assist switchmen in the performance of their duties, and they were expected to use it for that purpose, and the plaintiff, in the discharge of his duty as a switchman, was upon the running board, Rule No. 20 could not be invoked to defeat plaintiff's action, so far as the rule prohibits switchmen from going between the cars to couple or uncouple them.—*Hissong v. Richmond & Danville Railroad Co.*, 91 Ala. 514; *Highland Ave. Railroad Co. v. Walters*, 91 Ala. 435; 8 So. Rep. 357.

The evidence tended to show that it was the duty of firemen to receive signals from switchmen, and transmit them to the engineer. If the injury to plaintiff was caused by negligence of the fireman in transmitting the signals to the engineer, given to him for that purpose by the plaintiff in the discharge of his duty as a switchman, such injury is clearly within the provision of the employer's act.

There was no error in the charges given by the court. Those asked for by the defendant, which were refused, are not in accord with the principles of law herein declared, and were properly refused.

Affirmed.