## SOUTHERN RAILWAY COMPANY *v.* HARBIN.

1. The Alabama statute, now embodied in section 2590 of the code of that State, rendering a master or employer liable to a servant for an injury "caused by reason of any defect in the construction of the ways, works, machinery, or plant connected with or used in the business of the master or employer," does not prevent the defend-

ant in an action brought under this statute from setting up as a defense that there was contributory negligence on the part of the plaintiff.

2. The evidence in this case demanded a verdict for the defendant.

Argued April 25, — Decided May 14, 1900.

Action for damages. Before Judge Harris. City court of Floyd county. June term, 1899.

*Shumate & Maddox,* for plaintiff in error.
*Fouche & Fouche,* contra.

LUMPKIN, P. J. The plaintiff below was an employee of the Southern Railway Company. While engaged with some of his fellow-servants in shoving a loaded "push-car" over a trestle upon one of the company's lines in the State of Alabama, he fell to the ground and was very seriously injured. He brought an action against the company, alleging that his injuries were occasioned because of the rottenness of a wooden guard-rail fastened to cross-ties constituting a part of the trestle in question. His particular complaint was that, because of the defectiveness of this guard-rail, it gave way under one of his feet and in consequence he was precipitated from the trestle. The plaintiff predicated his action upon a statute of the State of Alabama, now embodied in section 2590 of the Alabama code, which, among other things, declares that: "When a personal injury is received by a servant or employe in the service or business of the master or employer, the master or employer is liable to such servant or employe as if he were a stranger, and not engaged in such service or employment, in the cases following: 1st. When the injury is caused by reason of any defect in the construction of the ways, works, machinery, or plant connected with or used in the business of the master or employer." There was a verdict for the plaintiff, and the defendant filed a motion for a new trial, alleging that the verdict was contrary to law. and to the evidence and to the charge of the court. The motion also assigned error upon various rulings made during the trial. We shall not, however, undertake to deal with the special grounds of the motion, because we are clearly of the opinion that, upon the merits, the plaintiff's recovery is not maintainable. The

evidence for the defendant tended strongly to show that the guard-rail in question was sound and free from defect, and that the plaintiff's fall was purely attributable to accident or to carelessness on his part. On the other hand, the evidence introduced in behalf of the plaintiff was fully sufficient to warrant a finding that the guard-rail was rotten and defective as alleged. We will therefore assume this to be the truth of the case, accepting as correct the conclusion which the jury evidently reached as to this matter. It further appeared, however, from clear and undisputed evidence, including the plaintiff's own testimony as a witness, that he was fully aware of the condition of the rail, and deliberately stepped upon it with the knowledge, as he himself stated, that it was rotten and apparently unsound. The only fair and reasonable inference deducible from the plaintiff's testimony as to this matter is that he deliberately and intentionally stepped upon a piece of timber which he knew to be rotten, without taking any precaution whatever to test its capacity to sustain his weight. Other evidence at the trial, which was practically undisputed, established the proposition that, in walking over the trestle for the purpose of pushing the car, the hands engaged could walk upon the cross-ties between the iron rails or upon the guard-rail, which was outside of the iron rails and very near to the ends of the cross-ties, but that the former was obviously the safer and better way of going over the trestle and doing the work of pushing the car. It also appeared that the plaintiff was nearly twenty years of age, and that he had had some experience in doing such work as that in which he was engaged at the time he received the injuries of which he complains.

The case necessarily turns upon the construction which should be placed upon the Alabama statute as applied to the facts above set forth. It therefore seems entirely proper for us to follow the decisions which have been rendered by the Supreme Court of Alabama with reference to this very statute, and so doing leads, we think, to the conclusion that the plaintiff was not entitled to a verdict. In the case of Wilson *v.* L. & N. R. R. Co., 85 Ala. 269, which was an action for personal injuries by an employe against the defendant company, it was held that,

"Under statutory provisions, as at common law, contributory negligence is a defense to such action." In that case the court, speaking through Judge Clopton, discussed the statute with which we are now dealing, and distinctly held that, notwithstanding its enactment, the plaintiff's right of recovery was defeated by his own negligence contributing to the bringing about of the injury of which he complained. Again, in Highland Avenue R. R. Co. v. Walters, 91 Ala. 435, the same court ruled that, "In an action for damages against the employer on account of personal injuries received by plaintiff (or his intestate) while in the performance of the duties of his employment (Code § 2590), the defense of contributory negligence is available, as in an action at common law." We may therefore take it as established by the decisions of the highest court of Alabama that an employee is not entitled to recover damages for personal injuries when he negligently contributed to the bringing about of the same. Had the plaintiff been an adult, it is clear that his right to a recovery would have been defeated, because he voluntarily assumed a dangerous risk and in so doing did not exercise the diligence which the law requires of every person of full age and sound mind. It would be a strain to hold that this particular plaintiff did not fall within this rule; for, though not quite of age, it appears that he was a stalwart young man of at least ordinary intelligence, and, in view of his experience, ought to have known, and doubtless did know, fully as well as a man who had attained his majority, that the experiment upon which he ventured was, according to his own version of the transaction, extremely hazardous. But aside from this, the defense rests upon another ground. As above stated, it was shown that there were two ways of walking across the trestle and pushing the car, one of which was safer and better than the other, and that this fact was obvious to the plaintiff. He nevertheless voluntarily chose the more dangerous way. In this connection we cite a decision of the Alabama court rendered in the case of M. & O. R. R. v. George, 94 Ala. 200, in which it was held that: "If there are two apparent ways of discharging the required service, one more dangerous than the other, the employe is bound to select the latter, and is guilty of such

negligence as will bar an action for damages if he selects the former and is thereby injured; and if the danger is so imminent and apparent, in either way, that a careful and prudent man would not incur the risk, he can not recover, unless the evidence shows that the injury was caused by the reckless, wanton, or willful negligence of the defendant's employes." To the same effect see, also, Highland Avenue R. R. Co. v. Walters, supra, and M. & C. R. R. Co. v. Graham, 94 Ala. 545.

The superior court ought to have sustained the motion for a new trial on the general grounds contained therein.

*Judgment reversed. All concurring, except Fish, J., absent.*