MATTHEWS *v.* RALEIGH & GASTON R. R. CO. *et al.*

The controlling question at issue being whether or not there were two methods for doing the work in which the plaintiff was engaged, the one safe and the other dangerous ; and whether or not, if this was true, he negligently chose the latter, and the evidence not being such as to demand findings on these questions adverse to the plaintiff, it was error to grant a nonsuit.

Submitted July 21, — Decided August 7, 1900.

Action for damages. Before Judge Reese. Elbert superior court. September 12, 1899.

The plaintiff was employed by the defendant railroad companies as a brakeman on a freight-train. It became his duty to couple to the engine a car which had been left standing on the track next to the platform at a station, which platform was about as high from the ground as his shoulder. He stood upon the foot-board of the pilot as the engine approached the car at the rate of five or six miles an hour, and, when about two car-lengths from the car, gave the engineer the slow-up signal. He then observed that the car had an automatic coupler, and that the knuckles of it were open ; whereupon he closed the knuckle of the automatic drawhead on the engine, jumped upon the ground and ran ahead of the engine, and, when about ten feet

from the car, signaled to the engineer to stop. The crank or lever for lifting the lock-pin on the car-coupler extended to the side of the car which was next to the platform, and he could not get to it without placing himself between the platform and the car, which he considered dangerous, as there was not sufficient room for him. He reached over and caught hold of the chain which should have been attached to the lever and the knuckle-pin, and in so doing pulled up the lever, but then discovered, for the first time, that the chain was broken from the pin. The chain being broken, he lost his balance, and about this time the engine, which had not been stopped, struck him and crushed his arm in the couplers, carrying him in this situation for two car-lengths before it was stopped. The chain had been lying on the pin, and he could not sooner see that it was broken. The crank at the end and next to the side of the car, was so placed as to avoid the necessity of going between cars or using a stick to couple them. But for the platform he could have turned the crank from outside of the track, and in so doing he would have found that the chain was broken. He testified that he would not have been between the car and the engine if it had not been for the platform; that his orders were, not to go between the cars when he could get through to couple from the crank side of the car; that he did not know whether he could have reached the crank and turned it from the platform, if it had been his business to be on the platform; that it was his business to stand on the ground and make the coupling; and that, in his four years of service for the defendants, he had never used a stick for coupling, nor had he been instructed so to do, nor had any information of a rule requiring this, though he had seen sticks used for ordinary couplings. They are not used in making the automatic couplings. One of his witnesses testified that, though he did not examine the chain closely, he thought the break was an old one. The grounds of negligence alleged were, in running the engine against the car with unnecessary speed and violence; and in not furnishing reasonably safe and suitable appliances, as the defendants could by ordinary diligence have known of the broken chain. A nonsuit was granted upon the ground that the plaintiff's evidence did not show that he was free from fault.

*C. T. Ladson* and *G. C. Grogan*, for plaintiff.

*Erwin & Brown*, for defendant.

COBB, J.  When an employee of a railroad company has his choice of two ways in which to perform a duty, the one safe, and the other dangerous, though convenient, he is bound to select the safe method.  *East Tenn. Ry. Co.* v. *Head*, 92 *Ga.* 723; *Southern Railway Co.* v. *Harbin*, 110 *Ga.* 808; *Quirouet* v. *Railway Co.* 111 *Ga.* 315.  It is true that in the two cases last cited the court had under consideration cases founded upon causes of action arising in the State of Alabama, but the principle ruled is the law of this State.  If there is no dispute about the facts, and the only lawful verdict that could be rendered would be one finding that there were two ways in which to perform the duty, the one safe and the other manifestly dangerous, and that the employee had negligently chosen the latter method, then the court would be authorized to set aside a verdict finding otherwise, as was done in the *Head* and *Harbin* cases, supra, or to direct a verdict for the defendant, as was done in the *Quirouet* case.  If under the facts an issue arose as to whether there were two ways, or as to whether, conceding that there were two ways, one was manifestly dangerous, and whether in the latter case the employee chose that method, or whether there were two methods, one attended with less danger than the other, and the employee chose the more dangerous, then the issues thus raised should be submitted to a jury, and it would be error to grant a nonsuit.  *Central Railroad* v. *DeBray*, 71 *Ga.* 406 (15), 424.  Applying these principles to the present case, the judge erred in granting a nonsuit.  Even if it be conceded that the evidence in behalf of the plaintiff established that there were two ways in which the duty he was endeavoring to discharge at the time of the injury could be performed, and one of them was safe, the evidence raised an issue as to whether the method adopted by the plaintiff was one that was manifestly dangerous.  It not being at all clear from the evidence that either method was entirely safe, or which was the more dangerous, it was a question for the jury to determine whether, under the circumstances, in adopting the method which he employed, the plaintiff was free from fault.

*Judgment reversed.  All the Justices concurring.*