## WESTERN & ATLANTIC R. R. CO. *v.* HOLSOMBACK.

1. It was, on the trial of an action for personal injuries, brought by a young man about twenty years of age, and involving the question whether or not under given circumstances he was justified in jumping from a moving train, erroneous to instruct the jury that they might take into consideration whether or not he was "a man or a boy." While the determination of the question above indicated may have depended upon the age, experience, intelligence, and other characteristics of the plaintiff as evidenced by his appearance and the facts brought out at the trial, there was no issue of manhood or childhood in such a case, and the use by the court of the phrase above quoted was in effect submitting such an issue to the jury.
2. Though some of the other charges excepted to in the present case may not have been strictly correct or appropriate, there was not in any of them error requiring a new trial; nor are they of sufficient novelty or importance to require special mention.

Argued October 2, — Decided October 30, 1900.

Action for damages. Before Judge Fite. Catoosa superior court. February term, 1900.

*Payne & Tye* and *R. J. & J. McCamy*, for plaintiff in error.
*W. H. Odell* and *Payne & Payne*, contra.

LEWIS, J. Allie Holsomback brought suit in Catoosa superior court against the Western and Atlantic Railroad Company, for personal injuries which he alleged that he sustained on account of being forced off the train by defendant's employee while it was moving at a dangerous rate of speed. It appears from the record that the plaintiff below was endeavoring to steal a ride on one of defendant's freight-trains from Graysville to Dalton, Ga., both being stations on defendant's road. There was considerable conflict in the testimony of the witnesses introduced on the trial. Under the evidence in behalf of the plaintiff, the defendant was liable for damages; and under that introduced in behalf of the defendant, it was not liable. The jury returned a verdict for the plaintiff for $500; whereupon defendant made a motion for a new trial, and to the judgment of the court overruling this motion it excepts.

1. It appears from the record that at the time of the injury plaintiff was about twenty years of age. There is nothing at all to indicate that he was a person of unusually weak mind for one of his age. One of the grounds in the motion for a new trial is, that the court erred in charging the jury that in determining whether or not

it was reasonably safe for the plaintiff to attempt to alight from the train when he did, they might take into consideration when it was, the nature of the grade, whether the plaintiff was a man or a boy, and all the surrounding circumstances. The objection to this charge is, that it is immaterial whether the plaintiff was a boy or a man, the evidence showing that he was twenty years of age, and a person twenty years of age, if not an imbecile, knows as well as a person twenty-one years of age that it is dangerous to get off of a moving train, and knows as well that he should not attempt to steal a ride on a freight-train. It is true that a determination of the question as to whether or not the plaintiff, when he made his leap from the train, was guilty of such negligence as would prevent his recovery may have depended upon his age, experience, and intelligence, as indicated by his appearance, or facts brought out on the trial; but we fail to see, from an examination of this record, that there was really any issue of manhood or childhood in this case. There is nothing to authorize an inference by the jury that plaintiff was of such tender age as not to readily appreciate the danger of leaping from a rapidly moving train. We think, therefore, the charge complained of practically submitted to the jury an issue that was not involved in the present case. It does not follow, simply because one has not reached majority, that he has not passed that period in life known as childhood. In *Central Railroad Co.* v. *Phillips*, 91 *Ga.* 526, this court decided: "As . . a boy over fourteen years of age is presumably capable of committing crime, he is presumptively chargeable with diligence for his own safety against palpable and manifest peril, such as that of jumping from a railway train in rapid motion. In the absence of any evidence of want of ordinary capacity in the particular boy, he should not be treated as a child of 'tender years,' but as a young person who has passed that period and become chargeable with such diligence as might fairly be expected of the class and condition to which he belongs." See also *East Tenn. Ry. Co.* v. *Hughes*, 92 *Ga.* 388, where it appears that a parent sued a railway company for-ejecting from a moving train a minor daughter about seventeen years of age. This court ruled that she should not be treated, with respect to her duty to care for her own safety, as a child of "tender years," but should be treated as a person who is presumptively chargeable with the exercise of the ordinary discretion possessed by young persons of her

class and condition. See further *So. Ry. Co.* v. *Harbin,* 110 *Ga.* 808, and opinion of Presiding Justice Lumpkin therein. From the facts in that case it appears that if the plaintiff had been an adult, his right to recovery would have been defeated, because he voluntarily assumed a dangerous risk. He was a minor, and Presiding Justice Lumpkin, in his opinion, says: " It would be a strain to hold that this particular plaintiff did not fall within this rule; for, though not quite of age, it appears that he was a stalwart young man of at least ordinary intelligence, and, in view of his experience, ought to have known, and doubtless did know, fully as well as a man who had attained his majority, that the experiment upon which he ventured was, according to his own version of the transaction, extremely hazardous." Applying this principle to the present case, and considering that it was a very close one upon its facts, we think the court committed error in the charge complained of; for there was nothing developed on the trial to authorize the jury to infer that they might, with propriety, give the plaintiff the benefit of any of the privileges allowed by law in passing upon the conduct of childhood.

2. There were several other grounds in the motion for a new trial, and although some of the charges excepted to may not have been strictly correct or appropriate, we do not think them of sufficient merit or importance to require discussion.

*Judgment reversed. All concurring, except Little, J., absent.*