# Mobile J. & K. C. R. R. Co. *v.* Odom.

## *Assumpsit.*

(Decided Nov. 24, 1910.   53 South. 765.)

1. *Evidence; Questions; Conclusion.*—"What instructions did you give H. in regard to filing this paper" was a question not calling for a conclusion, but for a statement of what was said.

2. *Same; Declaration of Third Person; Authority.*—Where it appeared that an employee of the defendant gave to plaintiff a written assignment of his wages which was filed in the defendant's office by H., to whom plaintiff gave it for that purpose, and the action was on the assignment it was not competent to show what C. said when withdrawing the assignment from the defendant's office, it not being shown that C. had any authority to act or speak for the plaintiff, and anything that he might have said or done in her absence would not be binding on her.

3. *Trial; Reception of Evidence; Specific Objection to Question.*— A specific objection to a question is a waiver of all other objections.

4. *Same; Necessity of Objection to Question.*—Where no valid objection was interposed to a question an answer responsive to the question is not open to objection.

5. *Same; General Objections.*—Where plaintiff's right of action was based on an assignment the writing evidencing it is relevant and not open to a general objection.

6. *Assignments; Action; Evidence.*—Where the action is on an assignment to plaintiff of the wages of the employee of defendant, the rules of the defendant as to discharging their employee who assigned their wages or suffered their wages to be garnisheed, are inadmissible as being irrelevant to any issue in the case.

7. *Principal and Agent; Authority; Jury Questions.*—Where the action was on an assignment to plaintiff of wages by an employee of the defendant, which assignment was filed in defendant's office and there was evidence that the defendant was at the time indebted to such employee, the general charge was properly refused to defendant because of a conflict in the evidence, as to the authority from plaintiff to anyone to withdraw such assignment, although in fact, it was withdrawn.

8. *Appeal and Error; Harmless Error; Instructions.*—Where there was no dispute that the written assignment sued on was the property of the plaintiff and no pretense that she had transferred it, the giving of a charge that on its face the assignment was the property of the plaintiff, and could be transferred only by her endorsement, if error, was harmless.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Assumpsit by M. Odom, as assignee, against the Mobile, Jackson & Kansas City Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charge was given at the request of the plaintiff: (1) "I charge you, gentlemen of the jury, that the assignment appears on its face that it is the property of Mrs. M. Odom, and could be transferred only by indorsement of Mrs. Odom."

The following charges were refused to the defendant: (1) General affirmative charge. (2) "If the jury believe from all the evidence that the paper, the foundation of this suit, was rightfully in the hands of J. D. Carter, as agent of plaintiff, who left it with defendant, and in a few days thereafter withdrew said paper from the hands of defendant, without more, then you must find for the defendant." (3) "If the jury believe from all the evidence that the defendant, when the assignment was filed with it, notified Lyndall that he was discharged, and it only took him back because of the withdrawal of the assignment, then you must find for the defendant."

It appears from the record that Lyndall was working for the Mobile, Jackson & Kansas City Railroad Com-

pany, and gave to the plaintiff, Mrs. Odom, a written assignment of his wages, which she afterwards gave to Mr. Herron, to be placed with the Mobile, Jackson & Kansas City Railroad Company at its place of business for collection. Afterward it was withdrawn by Herron and Carter. There was some dispute as to the discharge and reinstatement of Lyndall.

McINTOSH & RICH, for appellant. Counsel insist without citation of authority that the court erred in permitting the question, "What instructions did you give H" in regard to filing the paper." The court erred in permitting the witness to state what occurred between her and Herron since it was res inter alios acta as to this appellant.—*Andrews v. Tucker*, 29 So. 34. The court erred in admitting the written assignment in evidence.—*Wellborn v. Buck*, 114 Ala. 277; *Harrison v. L. & N.*, 120 Ala. 45. Where two innnocent persons must suffer by the act of a third, the one enabling the third person to occasion the loss must sustain it, and this applies to the action of the court in excluding the evidence as to what Carter said in withdrawing the assignment.—13 Cyc. 1240. Counsel discuss other assignments of error, but without further citation of authority.

BOYLES & KOHN, for appellee. An agent can testify whether or not he had authority to do certain things on behalf of his principal.—*Robinson v. Aetna F. I. Co.*, 135 Ala. 650; *Gilliland, et al. v. Dunn & Co.*, 136 Ala. 327. It is a familiar principle that where serviceable objection is not interposed to the question, a responsive answer will not be excluded. General objection will not serve unless the evidence is patently irrelevant, and the special objection is a waive of all others.—*Richards v.*

*Bestor,* 90 Ala. 353; *R. & D. R. R. Co. v. Jones,* 92 Ala. 225 *Calhoun v. Hannon,* 87 Ala. 285. The court did not err in refusing the charges requested by defendant. —*Burks v. Hubbard,* 69 Ala. 279; *Wheeler v. McGuire,* 86 Ala. 398. Counsel discuss other assignments, but without citation of authority.

DOWDELL, C. J.—This action was commenced in the justice of the peace court, and appealed from that court to the city court of Mobile. The plaintiff sued to recover a debt due by the defendant to one Lyndall, and which had been assigned in writing by the said Lyndall to the plaintiff. From a judgment in plaintiff's favor, the defendant railroad company brings this appeal.

The first assignment of error relates to the ruling of the court on the objection of the defendant to a question asked plaintiff testifying as a witness in her own behalf. The question was, "What instructions did you give Mr. Herron in regard to filing this paper?" referring to the assignment. The defendant's objection was specific, and on the sole ground that the question called for a conclusion. The ground of objection was untenable. The answer called for by the question required a statement of what was said, and, indeed, such was the answer of the witness. The ruling of the court was free from error. So, too, was the ruling on the "objection" to the answer free of error. The answer was responsive to the question, and the only objection to the question was that it called for a conclusion. This specific objection was a waiver of all other objections, if any existed, and an objection to a responsive answer would come too late after answer made. Parties cannot speculate upon what answer a witness may make to a question, and afterwards object if unfavorable.

The objection to the introduction in evidence of the written assignment was general. No particular ground was stated. Plaintiff's right of action was based on the assignment, and the writing evidencing it was certainly relevant. In such cases, the court, on a general objection to the evidence, is not required or expected to cast about for some particular objection.—*R. & D. R. R. Co. v. Jones,* 92 Ala. 218-225, 9 South. 276; *Calhoun v. Hannan,* 87 Ala. 285, 6 South. 291.

The rules of the defendant company as to discharging their employees who assigned their wages, or suffered their wages to be garnished, were wholly irrelevant to the issues in the case, and, on the objection of the plaintiff, the court properly refused to allow the defendant to prove such rules.

What Carter said to Sprague, when the former withdrew the written assignment from the office of the defendant, where it had been "filed," was not competent evidence. It was not shown that Carter had any authority to speak or act for the plaintiff, and what he might have said or done in the absence of the plaintiff was not binding on her. The plaintiff gave the assignment to Herron to file with the company, and the only dispute in evidence was as to the extent of Herron's agency in the premises.

There was evidence tending to show that the defendant company was indebted to Lyndall, the assignor of the plaintiff, at the date of and subsequent to the making of the assignment of his (Lyndall's) wages, and consequently the general charge requested by the defendant was properly refused. Moreover, there was a conflict in the evidence as to the extent of the authority given by the plaintiff to Herron in acting as her agent, and which the parties treated as a material issue in the case.

There was no dispute as to the ownership of the written assignment. It was the property of the plaintiff, and there was no pretense that it had ever been transferred by her; and, this being true, the charge given at request of the plaintiff, if error, was harmless.

From what we have already said, it is apparent that written charges 2 and 3, requested by the defendant, were improper instructions, and the court committed no error in refusing them.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.