## JOHN FULSOME v. THE TOWN OF CONCORD.*

### Evidence.  Highway.  Practice.  Damages.

A witness who had examined the place of accident on a highway, and made some measurements of the width of the road at that and other points, with a rod, after having testified to the width of the road, and the width of the different kinds of carriages in use on highways, was allowed to testify that, *in his opinion*, the road was not wide enough at the place of accident for two team-wagons to pass each other. *Held*, no error.

The defendant requested the court to charge, that if a load of hay which, it appeared, stood in the highway at the time and place of accident, was an obstruction in the

* This case was decided at the August term, 1872.

highway, and was the primary cause of the accident, the plaintiff could not recover, unless the town authorities knew of such obstruction, or ought to have known it, and had had a reasonable time to remove the same. The court refused to charge as requested; but charged, that notwithstanding the jury found that the load of hay was an obstruction, for which the town was in no way liable, and that the accident would not have happened if the hay had not been in the road, still, if they found that the highway was insufficient by reason of being too narrow, or for want of a railing or muniment, and that such insufficiency contributed to the happening of the accident, —or, if the road had been sufficient in said particulars, that the accident would not have happened, notwithstanding the hay,—the plaintiff would be entitled to recover, if in other respects his case was made out. *Held*, no error.

The defendant requested the court to charge the jury not to allow any feeling of sympathy for the plaintiff to influence them in deciding the case. The court charged the jury that they would remember to lay aside their feelings in the case, but said to them, "Of course none of us can do away, entirely, with our sympathies; we all have more or less feeling of sympathy for a party who has been injured, and it is right we should; but, in making up your verdict in the case, you will lay aside your feelings of sympathy, as far as may be, and determine the issues in the case upon the evidence given in court, forgetting, as far as may be, the parties, and the consequences of your determination." *Held*, no substantial error, but that it would have been more satisfactory, had the judge been more decided and explicit in instructing the jury that their sympathy for the plaintiff should have nothing to do with their verdict.

The court charged the jury in respect to prospective damages, that they should reduce the losses which the plaintiff would thereafter suffer from loss of time, doctoring, and personal suffering, to their present worth, or to such a sum as, being put at interest, would amount to the sum they found the plaintiff would lose in the future by reason of the injury. *Held*, no error.

CASE for injury on a highway. Plea, the general issue, and trial by jury, December term, 1871, Ross, J. presiding.

It appeared in evidence and was uncontradicted, that on the 7th of June, 1870, the plaintiff was engaged in carrying the U. S. mail from West Concord to Lunenburgh; that on the evening of that day, which was rainy and dark, he started about fifteen minutes before ten o'clock, with a single team, to go from West Concord to Lunenburgh, and had proceeded about 100 rods from the village of West Concord, when he felt the wagon turning suddenly to the right; that he pulled upon the reins, to stop the horse, and at the same moment was precipitated over an embankment, together with the horse and wagon, among the rocks, by means whereof he was severely injured. It appeared that at the place of the accident, the highway, for 30 or 40 rods, was along a dug-way, with a bank upon the left-hand side, and a steep embankment on the right-hand side; that the highway was from 11 to 13 feet wide between the bank and the edge of the embankment, with no railing or muniment to prevent teams from passing off the embankment, and that

a load of hay had been left standing in the road, driven close up to the bank, at about sunset of the day of the accident, of which fact, the uncontradicted evidence of the defendants tended to show, the town authorities had no knowledge. It appeared that two single teams passed by said load of hay at about dusk of that evening, but before it was entirely dark, and before the accident to the plaintiff. In the course of the trial, one of the plaintiff's witnesses who examined the place of the accident the morning after the accident, and made some measurements of the width of the road at that and other points, with a rod, after he had testified to the width of the road, and the width of the different kinds of carriages which are used on highways, was allowed to testify, against the objection of the defendant, that, in his opinion, the highway at the place of the accident was not sufficiently wide to allow two team wagons to pass each other. The plaintiff's testimony tended to show that the injury he received was of a permanent and probably fatal character, being an injury to his left shoulder, not serious, and to his left side, involving his left kidney and spinal cord. The defendant's testimony tended to contradict the plaintiff's as to the extent and seriousness of the injury. The plaintiff claimed from the testimony, that the highway at the place of the accident was insufficient in width, for the want of a railing or muniment to keep travelers from going over the embankment.

The defendant requested the court to charge the jury, that if the load of hay was an obstruction in the highway, and such obstruction was the primary cause of the accident to the plaintiff, the plaintiff could not recover, unless the authorities of the town knew of such obstruction, or ought to have known of it, and had had a reasonable time to remove the same. The court refused to charge as requested, but, among other things not excepted to, did charge that notwithstanding the jury should find that the load of hay was an obstruction in the highway, for which the defendant was in no wise responsible, and that the accident would not have happened if the load of hay had not been in the road, still, if they found that the highway was insufficient at the place of the accident, by reason of being too narrow, or by reason of the want of a railing or muniment, and such insufficiency contributed to the

happening of the accident,—in other words, that if the road had been sufficient in the particulars complained of, the injury would not have happened to the plaintiff, notwithstanding the load of hay was there,—and if the plaintiff was in the exercise of such care and prudence as men of common care and prudence would exercise under like circumstances, the plaintiff would be entitled to recover, if he had made out his case in other respects. Upon the question whether the load of hay had become an obstruction for which the town would be responsible, and as to the duty of the town in removing the same, the court charged substantially as requested.

The defendant also requested the court to charge the jury, that they should not allow any feeling of sympathy for the plaintiff to influence them in deciding the case. The court charged the jury that they would remember to lay aside their feelings in the case, but said to them, " Of course none of us can do away entirely with our sympathies ; we all have more or less feeling of sympathy for a party who has been injured, and it is right we should have ; but in making up your verdict in the case, you will lay aside your feelings of sympathy, as far as may be, and determine the issues in the case upon the evidence given in court, forgetting, as far as may be, the parties and the consequences of your determination."

Upon the question of damages, the court told the jury that if they found the plaintiff was entitled to recover, he would be entitled to recover damages for whatever loss of time, loss for doctoring and nursing, and loss by personal suffering, had already been occasioned to him by reason of the injury, or should thereafter come to him for the same reason ; but that in estimating the prospective damages they would reduce these losses to their present worth, or to such a sum as, being put at interest, would amount to the sum they found the plaintiff would lose in these respects in the future by the injury. The court charged fully upon all other points in the case, in a manner not excepted to, and fully explained the general propositions in those portions of the charge detailed. To the admission of the testimony objected to, to the

refusal to charge as requested, and to so much of the charges as is detailed, the defendant excepted.

*O. S. & C. C. Burke* and *B. N. Davis*, for the defendant.

The opinion of the witness as to the width of the highway, was inadmissible. 1 Greenl. Ev. § 440; *Carter* v. *Borham*, 1 Smith Lead. Cas. 286; *Lester* v. *Pittsford*, 7 Vt. 158; *Clifford* v. *Richardson*, 18 Vt. 620; *Fraser* v. *Tupper*, 29 Vt. 409; *Crane & wife* v. *Northfield*, 33 Vt. 124.

The defendant was entitled to a charge as to the load of hay being an obstruction, and the knowledge of the town authorities in relation thereto. *Bardwell & Huntington* v. *Jamaica*, 15 Vt. 438; *Morse & wife* v. *Richmond*, 41 Vt. 435; *Clark* v. *Corinth*, Ib. 449.

Telling the jury that we all have more or less sympathy for a party who has been injured, and that it was right we should have, was error.

The rule laid down by the court for estimating prospective damages, was objectionable. Loss of time was a proper element to be considered; but loss consequent upon personal suffering, to be estimated for the future by a sum which, put at interest, would make the plaintiff good, is certainly novel, if not bad law.

*Dickey & Smith* and *Stoddard*, for the plaintiff.

There was no error in permitting the witness to give his opinion as to the width of the road. *Lester* v. *Pittsford*, 7 Vt. 158; *Morse* v. *Crawford*, 17 Vt. 499; *Hard* v. *Brown*, 18 Vt. 87.

The defendant was not entitled to the instructions asked for as to the effect of the load of hay upon the liability of the town. *Hunt & wife* v. *Pownal*, 9 Vt. 411; *Kelsey* v. *Glover*, 15 Vt. 708.

The court charged the jury as to being influenced by sympathy, substantially as requested, and correctly.

On the question of prospective damages, the defendant has no cause of complaint, for the instructions of the court were in the defendant's favor. A verdict rendered in county court will never be disturbed on the ground of erroneous instructions on the esti-

mation of damages, when the error benefits the excepting party. *Fitzsimmons* v. *Southwick*, 38 Vt. 509.

The opinion of the court was delivered by

PIERPOINT, CH. J.   It is claimed on the part of the defendant that the county court erred in allowing one of the plaintiff's witnesses to testify, " that in his opinion, the highway at the place of the accident was not sufficiently wide to allow two team wagons to pass each other."

If this testimony is to be regarded as the opinion of the witness as to the sufficiency of the highway, in respect to its width for public travel, its admission was clearly erroneous ; but we do not so regard the testimony.   It is simply the opinion of the witness as to the width of the highway, given by comparing the width of the highway with the width of a team wagon.   It appears that the witness had made some measurements of the width of the highway, with a rod ; how careful and accurate he was does not appear ; and the plaintiff seeks to establish the width of the road, by the opinion of the witness given in the manner stated, and we think there was no error in allowing him to do so.   And this is not in any respect a relaxation of the well settled general rule, that the opinion of witnesses who are not professional persons, or experts, is not admissible.   There are many exceptions to this rule, and among the exceptions is testimony as to distances, size, height, value, velocity, &c. ; from the nature of the subject, no other evidence than opinion, oftentimes, can be had.

The objection to the charge of the court in respect to the effect of the load of hay upon the accident, was not much relied upon by counsel in the argument, and we think the charge on that subject was all, and perhaps more, than the defendant was entitled to.

The defendant requested the court to charge the jury, " that they should not allow any feeling of sympathy for the plaintiff to influence them in deciding the case."   The court charged the jury that they would remember to lay aside their feelings in the case, but said to them, " Of course, none of us can do away entirely with our sympathies ; we all have more or less feeling of sym-

pathy for a party who has been injured, and it is right we should have; but that in making up your verdict in the case, you will lay aside your feelings of sympathy, as far as may be, and determine the issues in the case upon the evidence given in court, forgetting, as far as may be, the parties and consequences of your determination." That the defendant was entitled to have his request complied with, there can be no doubt. Feelings of sympathy for either party, have no place in the jury room, where the rights of the parties are to be settled, and justice to be done, according to the law and the evidence given in court. Did the court substantially comply with the request? If the charge, when fairly considered, conveys or countenances the idea that the jury were at liberty to be governed or influenced in any degree in making up their verdict, by feelings of sympathy for either party, then it was erroneous. There is always danger in cases of this kind, that such considerations will operate upon juries, and affect their verdicts; but courts should see to it, that such a course does not receive judicial sanction or countenance. The court told the jury that they must lay aside their feelings in the case, but said that all would have more or less sympathy for a party injured, and could not help it, but that they must lay aside their feelings in this respect, as far as may be, and determine the issues in the case upon the evidence given in court; this, we think, is, in effect, saying to the jury: You naturally have a feeling of sympathy for an injured party, but you are not to be influenced by this feeling, but to make up your verdict upon the evidence given in court. And while, in this charge, we do not find substantial error, it would have been more satisfactory to all the members of this court, if the learned judge had been more decided and explicit in instructing the jury that their feeling of sympathy for the plaintiff, should have nothing to do with their verdict.

Objection is made to the charge of the court on the subject of damages, but we find no error therein. As under the decisions in this state, the party injured can have but one action to recover the damage, he is allowed in that action to recover not only such damages as have accrued from the injury, but such damages as

the jury find will accrue to him in the future from the same cause. And the loss of time, expense, and personal suffering, as the result of the injury, which he recovers for in the past, he will recover for as prospective damages, if the jury find that like damage will accrue to him from the same causes in the future. In respect to the prospective damages, the court reminded the jury that what should be given to the plaintiff in that respect, would be like payments in advance, and that in fixing the sum, that fact might properly be taken into consideration, and the amount reduced to its then present worth. As the effect of this suggestion would be to lessen the damages, if it had any effect, the defendant cannot complain of it, and we find no legal error in it. In respect to the amount of prospective damages to be awarded, the jury are the exclusive judges.

Judgment affirmed.