# ELLEN MORRISEY, ADMINISTRATRIX,

v.

# WILLIAM H. HUGHES.

RUTLAND COUNTY, 1893.

Before:   TYLER, MUNSON, START AND THOMPSON, JJ.

*Death from wrongful act.   Contributory negligence.   Neglect of fellow servant contributing.   Charge of court.   Present worth.*

1.  In an action upon a public statute, if the declaration contains an averment of every fact necessary to be established, it need not in terms refer to the statute.

2.  The court should not direct a verdict for the defendant upon the ground of contributory negligence in the plaintiff where the evidence in that respect is conflicting.

3.  A case will not be reversed because the court in its charge incidentally uses an incorrect illustration, where the general rule of law has been correctly stated and the jury could not have been misled in its application to the particular case.

4.  That the neglect of a fellow servant has contributed with that of the defendant to produce the injury is no defence.

5.  *Held*, that the charge of the court in reference to the present worth of the damages was favorable to the defendant and no error.

Action on the case for the negligence of the defendant, resulting in the death of the plaintiff's intestate.   Plea, the general issue.   Trial by jury at the March term, 1892,

Ross, Ch. J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiff in her declaration alleged, after setting out the negligence of the defendant and the consequent injury and death of the intestate, that the intestate left surviving him a widow and six minor children, his next of kin, to whom the damages, if any were recovered in this action, could be distributed.

Upon the trial of the case the plaintiff offered evidence tending to show these facts, and also the age and earning capacity of the intestate. The defendant objected to the introduction of this testimony for that there was nothing in the declaration which laid the foundation for it. The court admitted the testimony and the defendant excepted.

The evidence of the plaintiff tended to show that the defendant was the owner and operator of a slate quarry, and that the intestate was employed by him in the operation of said quarry; that the slate, stone and rubbish were taken from the bottom of the quarry by means of an incline to the top, in a box, which was there placed upon a truck, and carried to its destination; that this truck was brought upon two iron rails to the edge of the quarry for the purpose of receiving the box; that the distance from the top to the bottom of the quarry was several hundred feet, and that the work of the intestate was at the bottom of the quarry and at the foot of the wall which rose nearly perpendicular above him; that at the time of the accident the box had been loaded by the intestate and taken to the top of the ledge; that while the workmen at the top of the ledge were attempting to lower the box and place it upon the trucks, the box suddenly tilted away from the quarry and forced the trucks over the ends of the rails into the quarry, by which the plaintiff was struck and instantly killed; that the ends of the rails were in no respect protected as they ought to have been for the purpose of preventing the truck from escaping over the

ends into the quarry in the manner it did, and this was the negligence complained of by the plaintiff.

The defendant did not deny that if the ends of the rails were left unprotected, as the evidence of the plaintiff tended to show, it would have been negligent on his part, but he claimed, and his evidence tended to show, that before the accident there had been placed and securely fastened upon the ends of the rails at that point a large block of timber, and that this timber was torn away at the time the car fell into the quarry. He further claimed, and his evidence tended to show, that the accident was occasioned by the fact that the intestate in loading the box had placed in it a large stone which caused the box to tilt when being lowered onto the trucks and thereby occasioned the accident, and that the intestate had been repeatedly instructed not to put large stones like this one into the box, for the reason that it was dangerous.

The evidence of the defendant further tended to show that the accident, if not occasioned wholly by the fault of the intestate in improperly loading the box before it was sent up, was occasioned by the negligence of fellow servants of the intestate whose duty it was at the top of the ledge to place this box upon the trucks.

At the close of the plaintiff's evidence the defendant moved the court to direct a verdict for that upon the evidence the plaintiff was not entitled to go to the jury. This motion the court overruled and the defendant excepted.

The defendant claimed that if the negligence of the fellow servant at the top of the ledge contributed with the negligence of the defendant in not properly guarding the ends of the rails, the plaintiff could not recover, and requested the court to so instruct the jury. This the court declined to do, and instructed the jury that if the defendant's negligence in not properly protecting the ends of the rails caused the injury complained of, it was immaterial whether or not the

neglect of the intestate's fellow servants contributed to that injury, to which the defendant excepted.

The court in its charge, after correctly stating the law as to the duty of the defendant in reference to the intestate and what violation of that duty would amount to actionable negligence upon the part of the defendant, said: " The defendant was to act as any prudent man would if he was both acting as an employer and an employe, not put his help in any danger or place of danger that he, if he were a prudent man, would not put himself, if he were doing all the work himself, both employer and employe." The defendant excepted to the charge as to the measure of duty that the defendant owed the plaintiff's intestate as his servant working in the quarry.

The court after correctly stating the rule as to the amount of damages which the plaintiff was entitled to recover in in this action, added the following remarks upon the subject of interest and present worth, to which the defendant excepted:

"Then in determining the sum, you are to consider that for a time between his death and now she does not get her pay for what he would earn and save until now. Of course there would be a little interest which would naturally come in to fully compensate her for that, but for the time to come she gets her pay in advance, and you ought to give her only such a sum as you will find he would earn, five, ten or fifteen years hence, and reduce that to a sum which put at interest would come to the sum at the length of time; that is, reduce it to its present worth, because you give the sum in advance of the time that Mr. Morrisey would have earned it and received it if he had lived, been alive and able to labor and had performed the labor and received the money. Of course it should be reduced to what we used to call the present worth of it; at compound interest the sum would double in about twelve years, annual interest would take a little longer, simple interest would take about sixteen and two-thirds; and if you find that he was going to earn as much sixteen years from the time he was killed as he did

the last year, about one-half would compensate him at simple interest. I do not know that I could say to you that any particular amount of interest is to be considered in getting at the present worth; I do not know as the law would say any particular amount, but you are to consider the fact that she gets the pay before the money is earned several years, in determining what would be a reasonable compensation and what is the pecuniary loss that she and her children sustain by reason of his death.

"I simply use this matter of interest by way of illustration, simply to show that in compensating her now you should discount to some extent what she would receive as the years go on, year after year, and make it fair and reasonable, because it is only for the pecuniary loss that the law allows her and her children to recover."

*J. C. Baker* for the defendant.

The danger which befell the intestate was one of the hazards which he assumed as an incident to his employment. *Carbine* v. *Ben. & Rut. R. R. Co.*, 61 Vt. 348; *Latremouille* v. *Ben. & Rut. R. R. Co.*, 63 Vt. 346.

The statement of the court that the defendant should put no employe at work where he would not work himself, was erroneous and misleading. *Davis* v. *Railroad*, 55 Vt. 84; 1 Lawson's Rights, Rem. etc., s. 302 and note.

*Butler & Moloney* and *C. A. Prouty* for the plaintiff.

The declaration stated all the facts necessary to entitle the plaintiff to sue and recover as administratrix for the benefit of the next of kin, under the statute. *Westcott* v. *Cent. Vt. R. R. Co.*, 61 Vt. 438; Puterbaugh's Pl. & Pr. 437.

The rule of law governing the defendant's liability to his servant was correctly stated by the court. Wood, Master & Servant, ss. 329, 345; *Davis* v. *Cent. Vt. R. R. Co.*, 55 Vt. 84.

The remark of the court that an employer should put his employe in no place where he would not put himself was

simply an illustration and could not have misled the jury in this case, since the defendant did not contend but that he was negligent if the ends of the rails were unprotected.

That the negligence of a fellow servant contributed with that of the master in causing the injury is no defence to a suit brought against the master. 1 Shear. & Red. Neg., ss. 245, 247; *Eaton* v. *Boston & Lowell R. R. Co.*, 11 Allen 500; *Lane* v. *Atlantic Works*, 111 Mass. 136; *Cayzer* v. *Taylor*, 10 Gray 274; *Elmer* v. *Lock*, 135 Mass. 575; *Booth* v. *Boston & Albany R. R. Co.*, 73 N. Y. 38; *Cone* v. *D., L. & W. R. R. Co.*, 81 N. Y. 206; *Grand Trunk R. R.* v. *Cummings*, 106 U. S. 700; *Perry* v. *Ricketts*, 55 Ill. 234; *Ford* v. *Fitchburg R. R. Co.*, 110 Mass. 240.

The opinion of the court was delivered by

TYLER, J.    I.    The declaration contained an averment of every fact necessary to be proved to bring the case within the statute; therefore it was not necessary that the statute in express terms, should be referred to. *Westcott* v. *Railroad Co.*, 61 Vt. 438.

II.    The plaintiff's evidence tended to show that the trucks and frame of the car were precipitated into the quarry through the negligence of the defendant in not placing and properly securing a blocking at the end of the rails to prevent the car from running off the end of the track into the quarry; while that of the defendant tended to show that the ends of the rails were properly blocked, that the intestate had been instructed by the foreman not to send up large stones in the box to be placed upon the car, and that on this occasion, against the protest of the pitman, he sent up too large a stone, which, when placed on one end of the car, threw the other end up and caused it suddenly and violently to back towards the edge of the quarry, when, despite the blocking, the wheels went over it and the car fell into the quarry, killing the intestate.    As the evidence upon this point was con-

flicting the court could not properly have directed a verdict for the defendant.

III.   The court correctly stated the rule of law in respect to negligence, as applicable to the case, and, as illustrative of the duty which the defendant owed to his employe, added the remark that the defendant was to act as any prudent man would if he was acting both as employer and employe; that he should not put his help in any place of danger that he, as a prudent and careful man, would not put himself in if he was doing the work himself, both as employer and employe.   This might not be a correct rule of conduct in all cases.   An employer might in certain circumstances send an employe into places of danger where as a prudent man he would not go himself.   In this case the intestate was employed in a dangerous place and assumed all the obvious risks of the employment.   The only negligence alleged in the declaration and sought to be established at the trial was that the ends of the rails were not properly guarded.  If they were properly guarded the defendant was not liable.  If they were not, he was liable unless the intestate was himself negligent.   The remark of the court therefore had no tendency to mislead the jury in deciding this issue, and we are unable to see how it could have prejudiced his interests.

IV.   The law now seems to be well settled that when the negligence of the defendant contributes, that is to say has a share in causing the injury, the defendant is liable, even though the negligence of a fellow servant of the plaintiff is also contributory.   *Grand Trunk R. R. Co.* v. *Cummings,* 106 U. S. 700; *Elmer* v. *Locke,* 135 Mass. 575.

V.   There was no error in what was said by the court upon the subject of damages.   He reminded the jury that what was given to the plaintiff for prospective damages was like a payment in advance, and that in fixing the sum that fact should be considered and the amount reduced to its then present worth.   He laid down no rule, but suggested

what would be the results of different modes of computing interest, and left it to the jury to ascertain the present worth. This was in accordance with *Fulsome* v. *Concord*, 46 Vt. 141, and was favorable to the defendant.

*Judgment affirmed.*