FLORIDA EAST COAST RAILWAY COMPANY, *Plaintiff in Error,* v. CHARLES O. LASSITER, *Defendant in Error.*

PERSONAL INJURY—MASTER'S LIABILITY TO SERVANT INJURED BY NEGLIGENCE OF FELLOW SERVANT—CONSTITUTIONALITY OF STATUTE—SPECIAL VERDICTS—DAMAGES FOR DIMINUTION OF FUTURE EARNING CAPACITY—AGENCY.

1. Section 3150 General Statutes of 1906, that imposes liability upon railroad companies for injury to their employees, who are free from fault, through the negligence of co-employees, does not deny to such companies due process of law, or the equal protection of the law, and is not violative of the Fourteenth Amendment to the Federal Constitution.

2. Agency cannot be established by the declaration of the supposed agent.

3. In the absence in Florida of a statute on the subject of special verdicts, our trial courts are not justified in directing the jury to find a special verdict, though they may, in their discretion, in a proper case recommend one; but the jury has the right to decline finding any other than a general verdict. The appellate court will not review or reverse such trial courts for their refusal to exercise their discretion in such cases.

4. In cases where a plaintiff's prospective losses in the future during his life expectancy from the diminished earning capacity consequent upon his injuries is made a ground of recovery, the jury should be instructed that in estimating such prospective future damages resulting from the diminished earning capacity, they should reduce such damages to their *present value*, and that such *present value* thereof only should be included in their verdict.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for St. Lucie County.

The facts in the case are stated in the opinion of the court.

*Geo. M. Robbins,* for Plaintiff in Error;

*Beggs & Palmer,* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the Circuit Court of St. Lucie County in an action for damages for personal injuries, the trial resulting in a verdict and judgment for the plaintiff below for review of which the defendant below brings the case here by writ of error.

The plaintiff at the time of the injury sued upon was an employee of the defendant railway company, and brought his suit under the provisions of section 3150 of the General Statutes of 1906 which reads as follows:

"If any person is injured by a railroad company by the running of the locomotives or cars, or other machinery of such company, he being at the time of such injury an employee of the company, and the damage was caused by negligence of another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recovery.    No con-

tract which restricts such liability shall be legal or binding." The defendant demurred to the plaintiff's declaration on the ground that this statute denies the defendant the equal protection of the law in that it attempts to create a new tort as to only one class of carriers and is obnoxious to the Fourteenth Amendment of the Constitution of the United States. This demurrer was overruled and such ruling is assigned as error.

The contention in support of this assignment is that the new rule of liability of the master to his servant, who is without fault, for the negligence of a fellow servant, imposed by this statute is an unjust discrimination against railroad carriers in confining such rule to them, and in not extending it to all classes of carriers alike. That there is no just basis for such a classification of carriers. These contentions are untenable.

In the ably considered case of Kiley v. Chicago, M. & St. P. Ry. Co., decided by the Supreme Court of Wisconsin in January, 1909, 119 N. W. Rep. 309, in which the same contentions were made that are here urged. it was tersely and properly held that: "The necessity and propriety of classification for legislative purposes are to be determined by the legislature, and cannot be disturbed when exercised within the rule declaring that classification must be based on substantial distinctions and germane to the purpose. The business of operating railroads differs from other business in its nature, in its relation to the public, and in the particular dangers incurred by its employees and the public, and calls for special regulation to meet the conditions peculiar to it, and such as are wholly inapplicable to any other business, and that such a statute is not invalid as denying to railroad companies the equal protection of the law, nor does it deny to them due process of law." The court did not err in overruling this de-

murrer. See note to V. C. G. M. Co. v. Firstbrook, 36 Colo. 498, 10 Am. & Eng. Anno. Cas. 1113.

The third assignment of error complains of the court's sustaining a challenge for cause made by the plaintiff to a talesman tendered as a juror. Inasmuch as there will have to be another trial of the cause, and as it is unlikely that the same occurrence will again transpire at another trial it becomes unnecessary to pass upon this assignment.

At the trial it was shown that after the injury to the plaintiff he was attended by a physician, one Dr. Lloyd, and that owing to the unskillfulness of this physician the plaintiff's injury was very much aggravated, and in an attempt by the plaintiff to prove that he was the railroad's physician, and that the railroad was responsible for his unskilled treatment, the plaintiff testified that Dr. Lloyd told him he was the company's physician. The defendant moved the court to strike this testimony, but such motion was denied and this ruling is assigned as error. This was error. Agency cannot be established by the declarations of the supposed agent himself. Lakeside Press & Photo Engraving Co. v. Campbell, 39 Fla. 523, 22 South. Rep. 878; Elliott on Evidence § 252 and citations. As the same facts were subsequently shown by competent evidence without objection, this error may be regarded as harmless.

The second count in the plaintiff's declaration sought recovery of damages from the defendant railway company because of the maltreatment by the physician whom it was alleged was put in charge of the plaintiffs' case by the defendant, the defendant knowing at the time of said physician's want of skill in his profession. At the close of the plaintiff's testimony the defendant moved the court to instruct the jury not to consider any evidence put in by the plaintiff to support said second count of his decla-

ration, because the plaintiff had wholly failed to prove
that the defendant had any knowledge of the want of
skill in his profession by said physician when it employed
him, and also at the same time moved the court, on the
same ground, to require the plaintiff to elect upon which
count of his declaration he would proceed. Both of these
motions were denied by the court, and these rulings con-
stitute the fifth and sixth assignments of error.

There was no error in either of these rulings. At the
time said motions were made only the plaintiff's testimony
was before the jury, and he had the right at that stage of
the case to an opportunity to make good the second count
of his declaration, if he could, from the defendant's wit-
nesses. Not having done so, however, at the close of all
the evidence, the court properly instructed the jury that
the plaintiff had failed to make out his case under the
second count of his declaration and that he could not
recover anything under said second count.

The seventh assignment of error is predicated upon an
argument of plaintiff's counsel to the jury that was ob-
jected to by the defendant and the court moved to in-
struct the jury not to consider such argument, but which
motion was denied by the court. The argument in ques-
tion tended to make capital for the plaintiff out of the
matter of the second count in the declaration, which as
before seen was out of the case for lack of proof to sus-
tain it, such argument was, therefore, improper, and the
jury should have been instructed as requested to disre-
gard it.

At the close of the evidence the defendant's counsel
requested the court to instruct the jury that it was within
their discretion to return either a general or special ver-
dict, which request was refused by the judge. The judge
also remarked in the hearing of the jury that he did not
consider the case one in which a special verdict would be

proper. This refusal to instruct as requested and the accompanying remark of the judge constitute the eighth and ninth assignments of error.

We have no statute in Florida on the subject of special verdicts, but at the common law it seemed to be a matter wholly within the discretion of the jury as to whether they would return a general or special verdict. See 2 Andrews American Law, 1491; Clemenston on Special Verdicts pp. 5 and 6. In the same work at page 179 it is said that in States where no specific statutory provision on the subject exists, special verdicts may be found as at common law. The court is not justified in directing the jury to find a special verdict, though it may, in its discretion, in a proper case recommend one. A jury has the right to decline finding any other than a general verdict. In the case of Baltimore and Ohio R. R. Co. v. School District, 3 Penny (Pa.) 518, it is held that "a court may, in its discretion, recommend a special verdict, but it is a discretion the appellate court will not review and reverse for their refusal to exercise it." Following this authority we will not undertake to review or reverse the action of the Circuit Judge in refusing to exercise his discretion in suggesting to the jury their right to return a special verdict. Nor can we discover how the defendant could have been injured by the remark of the judge in the hearing of the jury to the effect that he did not think the case was one where a special verdict was proper.

The tenth assignment of error is based upon the insufficiency of the evidence to support the verdict and will be considered hereafter in dealing with the motion for new trial.

The eleventh assignment of error is based upon the refusal of the court to instruct the jury to return a verdict for the defendant on the ground that the facts not controverted showed contributory negligence on the part of the plaintiff which in an appreciable degree, contributed

to his injury.    The writer of this opinion thinks that
under the facts in proof this charge should have been
given for the following reasons and on the following
authorities:  The undisputed facts in proof make out the
following case:  The plaintiff was an employee of the de-
fendant company in the capacity of switchman in the rail-
way yards of the defendant at Fort Pierce which was a di-
vision point for freight trains, and where there is a coal
chute for supplying the engines with coal, which coal
chute is loaded from cars placed on a track that runs be-
tween the chute and the pit, the coal being first dumped
from the cars into the pit, and from there hoisted up into
the chute.   On the 16th day of February, 1906, an engi-
neer in charge of an engine and the plaintiff on being
instructed to place a car of coal at the pit to be unloaded
backed into what they called the cripple track and picked
up a car of coal.   The plaintiff rode out of the cripple
track on the north end of the car and got off at a switch
and threw it, and then stepped back some few feet towards
a crossing to see that it was clear, and seeing that it was
clear signaled to the engineer in charge of the engine to
back, which he did slowly, then the plaintiff stepped
towards the car as it came slowly back and mounted it
by putting his foot in the stirrup and catching hold of
the lower end of the grab iron, and after he had hung there
for a distance of twenty-five or thirty feet on straightening
himself up to a more comfortable position the grab iron
gave way letting him fall to the ground, when one of the
car wheels passed over his foot crushing it to an extent
that necessitated amputation of the foot.

While the plaintiff testified that it was necessary for
him to mount this car and ride on it back to the coal
pit to see where to place it, yet his own evidence shows
that from the point where he mounted the car to the coal
pit where it was to be placed in position for unloading
was only one hundred and fifty-one feet, and that the cars

were being moved no faster than he could walk, and that he would have had to dismount just before reaching the coal pit in order to more effectually signal to the engineer in placing the car at the pit, and that between the point where he mounted the car and the coal pit the track curved so that if he had undertaken to signal the engineer from his position on the car he would have been compelled to lean out from the car as far as he could in order for the engineer to see him or his signals. On the other hand the uncontradicted evidence of the defense is that there was no necessity for his mounting this car, but that on the contrary his proper place was on the ground for the more efficient signaling to the engineer, and the plaintiff's own evidence shows that he could have walked back from the point where he mounted the car to the coal pit where he would have had to dismount again, a distance of only one hundred and fifty-one feet, as quickly, at the rate the cars were being propelled, as the cars would have arrived there. So that his mounting this car at the time and place that he did was wholly uncalled for by the demands of duty or necessity, was contrary to the efficient performance of his duty on that occasion, and undertaken by him solely for his own pleasure or convenience, and at his own risk. The boarding of a train in motion is necessarily attended with more or less danger under any circumstances, and employees of railroads as well as the public generally owe it to their own safety to abstain from attempting it unless the demands of duty make it necessary. This court, following the construction put by the Georgia court upon their statute from which ours in such cases has been adopted, has repeatedly held that an employee of a railroad company cannot recover damages from such company for injuries sustained by him on account of the negligence or carelessness of another employee, unless wholly without fault himself. Duval, Receiver, v. Hunt, 34 Fla. 85, 15

South. Rep. 876.   In Atlantic Coast Line R. Co. v. Ryland, 50 Fla. 190, 40 South. Rep. 24, it is held that under our statute authorizing recovery by an employee of a railroad company of damages for injury received by the running of its locomotives, cars or other machinery through the negligence of a co-employee or fellow servant, the injured employee, in order to recover, must himself be entirely free from fault or negligence. He must do nothing to contribute to his injury, and must neglect to do nothing to prevent the consequence of the negligence of the other servants. Any negligence of the plaintiff in such a case, however slight, that contributes in an appreciable degree to the cause of the injury, defeats a recovery.

In the case of Cunningham v. Chicago, M. & St. P. R. Co., 12 Am. & Eng. R. R. Cas. 217, it is said that: "If a man voluntarily and unnecessarily puts himself into a dangerous position, where there are other positions that he may take, in connection with the discharge of his duty, that are safe, he cannot recover damages for that injury, to which he has contributed by his own negligence." To the same effect is the ruling in Day v. Louisianna West. Ry. Co., ·· La. ...., 46 South. Rep. 203. In Dowell v. Vicksburg & Meridian R. R. Co., 61 Miss. 519, 18 Am. & Eng. R. R. Cas. 42, it was held that a servant of a railroad company cannot recover in a suit against the company for injuries received while recklessly attempting to board a moving train, although it is shown that the train was improperly equipped and that some of its appliances were defective.   That under these circumstances the fact that the plaintiff was in the habit of boarding moving trains, or that he had been seen to do so on previous occasions with impunity, will not avail him.

In the case of Southern Ry. Co. v. Harbin, 110 Ga. 808, 36 S. E. Rep. 218, the Supreme Court of Georgia approvingly quotes the following ruling from the case of M. &

O. R. R. v. George, 94 Ala. 200, 10 South. Rep. 145: "If there are two apparent ways of discharging the required service, one more dangerous than the other, the employee is bound to select the latter, and is guilty of such negligence as will bar an action for damages if he selects the former and is thereby injured."

In the case of Southern Kansas R. Co. v. Robbins, 43 Kan. 145, 23 Pac. Rep. 113, 41 Am. & Eng. R. R. Cas. 316, it is held that evidence of the practice and usage of others in climbing the ladder of a box car when a train is in motion is not admissable to prove due care on the part of a party injured at the time of the accident.

In the case of Quirouet v. Alabama G. S. R. Co., 111 Ga. 315, 36 S. E. Rep. 599, it was held that where an employee has his choice of two ways in which to perform a duty, the one safe, though inconvenient, and the other dangerous, he is bound to select the safe method; and if, instead of so doing, he elects to pursue the dangerous way, and is, in consequence, injured, he is guilty of such negligence as will bar an action for damages against the master.

In the instant case the undisputed facts in proof show that the plaintiff here was in safety on the ground; that his duties required him to proceed a distance of only one hundred and fifty-one feet to a point at the coal pit to signals the engineer as to the placing there of a car load of coal; that he could have walked this short distance with perfect safety to himself and arrived there in ample time to give his signals, but that instead of choosing the safe walk he wholly without necessity selected the dangerous feat of boarding a moving coal car in order to ride thereon the short distance that he had to go. Under these circumstances the writer thinks he was guilty of such contributory negligence as will bar any recovery of damages against his employer. The majority of the court, however, are of a different opinion and think that the

boarding of the train by the plaintiff under the circumstances was not negligence in law *per se,* but that it was a question of fact for the jury to decide as to the necessity for him to so board it, and as to whether his mounting it under the circumstances stated was negligence on his part that contributed to his injury, and so thinking the majority of the court are of the opinion that the requested peremptory charge was properly refused. See Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148; Florida Cent. & P. R. Co. v. Mooney, 45 Fla. 286, 33 South. Rep. 1010; Kilpatrick v. Grand Trunk Ry. Co., 74 Vt. 288, 52 Atl. Rep. 531, 93 Am. St. Rep. 887. See also note 97 Am. St. Rep. 985.

The twelfth assignment of error is expressly abandoned here.

The thirteenth assignment of error is based upon the court's refusal to give the following instruction requested by the defendant: "If you believe from the evidence that one or more of the defendant's car inspectors inspected the car in question shortly before the accident, and found the safety appliances, including the hand hold in good order, and that if there was any defect in the hand hold at the time of the inspection it was such as to deceive human judgment, your verdict must be for the defendant, because the defendant cannot be held liable if it appears that it had the car inspected shortly before the plaintiff used it, and that the inspector or inspectors used ordinary and reasonable care and diligence in making the examination and failed to discover the defect, if it then existed, which caused the injury to the plaintiff."

The writer hereof is of the opinion that there was evidence in the case which justified the giving of this charge, and we think it states the law correctly, and the subject matter thereof was not covered by any instruction given

to the jury. The majority of the court concludes that the refusal to give this charge was not error.

The fourteenth and fifteenth assignments of error are predicated upon the giving of the first and second charges requested by the plaintiff. No useful purpose will be subserved by a reproduction of these questioned charges here; it is sufficient to say that they state the law correctly and there was no error in giving them to the jury.

The sixteenth assignment of error is predicated upon the giving of the following charge at the request of the plaintiff: "A servant in the performance of his duties is bound to exercise ordinary care for his own safety, or that degree of care which prudent persons usually exercise under similar circumstances, and if he is injured by failure to exercise such care his master is not liable. He must take ordinary care to learn the dangers which are likely to beset him in the service. He must not go blindly to his work where there is danger. But this doctrine must be taken in connection with the qualification that mere knowledge of a defect or method will not always be sufficient to charge the servant with an assumption of the risk. Such knowledge must convey to a mind like his the danger that may, or is likely to result to him in his employment from the defect or negligent act—for it is one thing to be aware of defects in the instrumentality or plans furnished by the master for the performance of his service, and another thing to know or appreciate the risk resulting or which may follow from such defects. The question is, taking his experience or inexperience into consideration, did he know, or ought he to have known, in the exercise of ordinary common sense and prudence, that the risk and not merely the defects existed."

This charge seems to have been taken from the second headnote in the case of Flowers v. Louisville & N. R. Co., 55 Fla. 603, 46 South. Rep. 718. It states the law correctly

when applied to a case like the one in which the utterance was made. In that case the court was dealing with a case of *inexperience* in the use of a certain machine, where, although the inexperienced servant may have known of defects in the machine, he might at the same time not have known of or appreciated the danger likely to result from the existence of such defects. But in the instant case there is no such question. We apprehend that had it been shown in the present case that the plaintiff knew at the time he mounted the car in question by seizing hold of the grab iron that such grab iron was not properly fastened to the car, he would clearly have been chargeable with such contributory negligence as would defeat his recovery—and in such case he would not have been heard to say "Yes I knew it was loose and not fastened to the car, but I did not appreciate the fact that an unfastened grab iron would not hold me up." The charge as applied to the facts of this case is a misfit, is calculated to have misled the jury, and it was error to give it.

The seventeenth assignment of error is not argued here and is, therefore, abandoned.

The following charge was given to the jury and was duly excepted to: "If you find from the evidence that the plaintiff is entitled to recover, then you will be required to determine the amount of the damages he has sustained if any; and in estimating the damages you will take into consideration the plaintiff's bodily pain and suffering, if any, occasioned by the injury complained of, sickness resulting from the injury, if any, his age, his health and condition before the injury complained of, and the effect on his health, and in case you find that the plaintiff has been to any extent permanently injured or disabled, his loss of time if any, the money he was making in his business or by his labor, and the effect, if any, of the injury in the future upon the plaintiff in attending to his af-

fairs generally in pursing his business or calling, and allow him such damages as in your opinion from all the facts and circumstances in evidence will be a fair and just compensation for the injury he has sustained."

In view of the feature in this charge to the effect that the jury could, in estimating the plaintiff''s damages, base such damages upon the diminution of his earning capacity during his entire expectancy of life, and inasmuch as this feature of the plaintiff's injury was the chief basis for the assessment of damages in the case, this charge was faulty in not instructing the jury that in estimating his prospective losses in the future during his life expectancy from his diminished earning capacity such future damages should be reduced to their *present value* and the *present value* thereof only should be included in their verdict. See Jacksonville Elec. Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755; Atlantic & W. P. R. Co. v. Newton, 85 Ga. 517, 11 S. E. Rep. 776; Richmond & D. R. Co. v. Allison, 86 Ga. 145, 12 S. E. Rep. 352; Fulsome v. Town of Concord, 46 Vt. 135; 2 Sedgwick on Damages, § 485; Duval, Receiver, v. Hunt, 34 Fla. 85, 15 South. Rep. 876.

For the errors found the judgment of the Circuit Court in said cause is hereby reversed at the cost of the defendant in error, and a new trial awarded.

WHITFIELD, C. J., and SHACKLEFORD and PARKHILL, JJ., concur.

COCKRELL and HOCKER, JJ., are of the opinion that upon the whole record no substantial error appears.