ARTHUR WORTHEIM *v.* FOREST BRACE.

(68 A2d 719)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ.

Opinion filed October 4, 1949.

*Latham & Latham* for the defendant.

*Frederick W. Wakefield, Jr.,* for the plaintiff.

JEFFORDS, J. This is an action of replevin for a bull. The trial

by jury resulted in a verdict and judgment for the defendant and the case is here on the plaintiff's exceptions.

The bull was originally owned by the plaintiff. It was taken by the defendant from a barn owned or rented by the plaintiff with the latter's consent. Some four years later, while in the possession of the defendant, it was replevied by the plaintiff after demands for its return had been refused by the defendant. The sole question in the case was whether the plaintiff, as he claimed, had merely rented the bull to the defendant for its keeping or whether, as claimed by the defendant, the latter owned the animal by virtue of a sale consummated at the time the bull was taken from the plaintiff's barn.

After verdict and before judgment, the plaintiff filed a motion to set aside the verdict. This motion was denied. The only ground of the motion here relied upon by the plaintiff in support of his claim of error in the denial is that there was no evidence which would warrant the jury in finding that there was a sale of the bull.

■ There is no need to set forth the evidence bearing on this question. It is sufficient to say that while there was evidence tending to support the claim of the plaintiff, there was also evidence tending to show that the parties clearly intended that title to the bull should pass by a sale to the defendant as claimed by the latter. This being so, the fact that no price for the bull was agreed upon does not affect the validity of the sale, the defendant being obligated to pay a reasonable price for the animal. The Uniform Sales Act, V. S. 7862, 1947 rev., sub. div. IV.

■ The plaintiff offered in evidence a certain book claimed to be admissible as a business record under the provisions of V. S. 1754. It was excluded on the ground that it was not shown that the entry in question was made at or near the time of the events which it purported to record, as required by the statute. Several different and, for the most part, indefinite dates were given by various witnesses relating to the entry and its subject matter. For this reason, if for none other, there was no error in the ruling of the court in the exclusion of the book.

■ The plaintiff excepted to the failure of the court to charge that the burden was on the defendant to prove the sale. The plaintiff had the burden at the outset of proving right of possession of the bull. As before stated, he introduced evidence tending to support this right. The sole defense to this claim was that this right had been lost by a sale of the animal to the defendant. In these

circumstances the burden of showing the facts necessary to establish the change of title and right of possession was on the defendant, to the extent, at least, of meeting the prima facie case of the plaintiff. This is upon the rule that the obligation of proving any fact rests upon the party who asserts the affirmative of an issue. *Luce v. Brown,* 96 Vt 140, 142, 118 A 530.

The court was required, though not requested, to instruct the jury upon every essential part of the case, and an exception to its failure so to do is well taken. There can be no doubt that the question as to who had the burden of proof on the issue of the sale was an essential part of the case. The exception is sustained. *Stoddard Bros.* v. *Howard,* 101 Vt 1, 139 A 776.

*Judgment reversed and cause remanded.*